## APPEAL OF HEEREN TRUCKING COMPANY

(64 N. W.2d 292)

(File No. 9418. Opinion filed April 30, 1954)
Rehearing denied May 28, 1954

330

**Bielski, Elliott & Lewis,** Sioux Falls, for Appellant.
**Stordahl, May & Boe,** Sioux Falls, for Respondent.

ROBERTS, J.    The Heeren Trucking Co., appellant herein, made application to the Public Utilities Commission for a motor carrier registration authorizing it to transport for hire petroleum products from pipeline terminals at Sioux Falls and Watertown to Mobridge and Faith and thirteen intermediate points.    The Commission granted the application. Appellant thereafter made application for an extension of its authorization to permit transportation service from the pipeline terminals mentioned to Huron, Webster, Britton, Faulkton, Eureka, Roscoe, Bowdle, Ashton and Selby.    The Commission granted the request upon condition that it would revoke the amended registration certificate if after complaint by competing carriers and hearing it should appear that detrimental competition with other carriers had arisen. Protest was filed by Transport, Inc. of South Dakota, respondent herein, and after notice and hearing the amended registration certificate was revoked.    Rehearing was denied and appellant appealed to the Circuit Court of Hughes County.

The respondent made a motion to dismiss the appeal claiming that the appeal should have been taken to the circuit court of any county in which the controversy submitted to the Commission arose.    The court below granted the motion to dismiss and it is claimed on appeal to this Court that such ruling is erroneous.

When procedure is prescribed by the legislature for

reviewing the action of an administrative body, review may be had only on compliance with such proper conditions as the legislature may have imposed. See Application of Dakota Transportation, Inc., 67 S.D. 221, 291 N.W. 589. It is agreed that the controlling statute is that portion of SDC 52.0502 reading as follows:

"Within thirty days after application for a rehearing is denied and the order denying a rehearing is served by registered mail, or if the application is granted, then within thirty days after the service by registered mail of the decision on rehearing, any party affected by any final order or determination of the Commission shall have the right to appeal therefrom to the Circuit Court of any county in which the original controversy submitted to said Commission for determination, or any part thereof, arose, or to the Circuit Court of any county in which any common carrier or public utility resides or has its office or in which it operates."

It is also agreed that there is in this proceeding no "common carrier or public utility" residing or having its office or operating in Hughes County. The decisive question is the meaning of the words "original controversy".

Appellant contends that the "original controversy" referred to in this section must be construed to mean the protest filed with the Public Utilities Commission having its office in Pierre, Hughes County, and that under the statute the circuit court of that county is the court having exclusive jurisdiction to review the action of the Commission.

The transportation service in which a motor carrier may engage depends on the service authorized by the Commission. Class C motor carriers "embrace all motor carriers operating motor vehicles for distributing, delivering, or collecting oil, oil products, goods, wares, merchandise, or commodities, where the remuneration is fixed in and the transportation service furnished under a contract, charter, agreement, or undertaking, where such carrier does not engage in or hold itself out to furnish service to the public generally." SDC 44.0402. The Commission is explicitly directed to

"restrict the operations of class C carriers when necessary to avoid detrimental competition with other established transportation agencies or other motor carriers". SDC 44.0403. Respondent protested claiming that the nine points included within the amended registration certificate were adequately and efficiently served by previously authorized motor carriers and that transportation of petroleum products to those points by appellant had resulted in detrimental competition.

The foregoing provisions of statute provide a tribunal for the review of decisions of the Public Utilities Commission and the jurisdiction conferred is exclusive. The review proceeding is referred to in the statute as an appeal. There can be no appeal in a legal sense from the action of an administrative agency. But the name by which the review proceeding is designated is not important. Appellant was entitled under the statute to judicial review by the circuit court of the county wherein the controversy, or any part thereof, originated. It is necessary as a basis of jurisdiction that the identity of the controversy conferring jurisdiction affirmatively appear and that the controversy, at least in part, originated in the county wherein the appeal was filed. As stated, appellant claims that the Commission erred in revoking the amended authorization permitting it as a Class C motor carrier to transport petroleum products from pipeline terminals in Watertown and Sioux Falls to the cities and towns therein named. The controversy originated in the counties wherein the designated termini are situate. It follows that no part of the controversy originated in Hughes County and that the court below was correct in holding that it lacked jurisdiction of the appeal.

Affirmed.

All the Judges concur.