**PHOTOLAB CORPORATION, a Minnesota Corporation, Appellee,**

v.

**SIMPLEX SPECIALTY CO., a New York corporation; Hostert North America, Inc., a New Jersey corporation; and Carl Hostert, GmbH, Carl Hostert KG; and Carl Hostert GmbH and Co., KG; companies organized under the laws of the Federal Republic of Germany, Appellants.**

No. 85–5306.

United States Court of Appeals, Eighth Circuit.

Submitted April 18, 1986.

Decided Dec. 5, 1986.

---

John B. Bellows, Jr., St. Paul, Minn., for appellants.

Terry L. Slye, St. Paul, Minn., for appellee.

Before LAY, Chief Judge and ROSENN * and McMILLIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Carl Hostert, GmbH and Co., KG appeals from a final judgment entered in the District Court[1] for the District of Minnesota in favor of Photolab Corp. (Photolab) in a breach of contract suit. For reversal Carl Hostert, GmbH and Co., KG argues that the district court erred in (1) denying its motion to dismiss for insufficiency of service of process, (2) allowing Photolab at the conclusion of the trial to amend its complaint to add Carl Hostert, GmbH and Co., KG as an additional defendant, and (3) finding that Carl Hostert, GmbH and Co., KG appeared in the action below. For the reasons discussed below, we affirm.

The defendants are three West German business entities controlled by Carl Hostert, a citizen and resident of the Federal Republic of Germany. *Photolab Corp. v. Simplex Specialty Co.*, No. 4–84–Civ. 764, slip op. at 2 (D.Minn. Jul. 18, 1985). Only one of these entities, Carl Hostert, GmbH and Co., KG (Hostert KG), is a party to this appeal. Hostert KG is engaged in the design, manufacture and distribution of photographic film processing equipment and other related photographic equipment. Carl Hostert, KG is also engaged in the photographic equipment business and shares its principal office with Hostert KG. The district court made no findings and the record does not clearly indicate whether Carl Hostert, GmbH ever existed. The answer filed in this suit indicated that Carl Hostert, GmbH was a corporation and manufacturer.

At oral argument the parties indicated that Carl Hostert, GmbH was most closely analogous to an American corporation, Carl

---

\* The Honorable Max Rosenn, United States Circuit Judge for the Third Circuit.

1. The Honorable Miles E. Lord, United States Senior District Judge for the District of Minnesota. Judge Lord has since retired.

Hostert, KG was a partnership, and Hostert KG was a limited partnership with a corporation as one of the partners.

The plaintiff is Photolab, a Minnesota corporation engaged in the business of photographic film processing. In the spring of 1983, Charles Specht, the controlling shareholder and president of Professional Photo Services Corp., negotiated for and subsequently purchased certain assets of Photolab, Inc., a corporation owned by Richard Anderson. After the purchase, Specht changed the name of his corporation from Professional Photo Services Corp. to Photolab Corp.

During the period when Anderson and Specht were negotiating the purchase of the assets of Photolab, Inc., Anderson was also negotiating with Simplex Specialty Co., (Simplex), a New York corporation, for the purchase of two photographic film processing machines. In March 1983, while Anderson and Specht were attending a trade show, Anderson introduced Specht to Robert Hall of Simplex and Klaus Niepenberg of Carl Hostert, KG. Anderson and Specht later agreed that Specht would complete the purchase of the film processors from Simplex. The processors were installed by Klaus Niepenberg and a Simplex crew in April 1983 prior to the sale of the business assets of Photolab, Inc.

Photolab alleges that the film processors malfunctioned from the time they were installed. Seeking a remedy for the problems, Photolab's employees repeatedly telephoned Simplex and Niepenberg from June 1983 to July 1984. In July 1984 Simplex went out of business. Several former Simplex employees incorporated as Hostert North America, Inc., a wholly owned subsidiary of Hostert Co. in West Germany.

In August 1984 Photolab filed suit against Simplex, Hostert North America, Inc., and Carl Hostert, GmbH in the federal district court in Minnesota. Service of process upon Carl Hostert, GmbH was attempted by international certified mail sent directly to "Carl Hostert, GmbH." Photolab received a return receipt signed "Hostert." Photolab also received a letter dated September 11, 1984, from Carl Hostert on the stationery of Carl Hostert, GmbH and Co., KG, indicating that the demand for payment was rejected because Photolab did not receive delivery of the machinery from Carl Hostert nor had Hostert received any payment from Photolab.

By letter dated October 23, 1984, Photolab advised Carl Hostert, GmbH that Photolab would seek a default judgment if Carl Hostert, GmbH did not respond within fifteen days. Carl Hostert, in a letter dated October 31, 1984, indicated that Hostert had had no contact with Photolab and advised Photolab to contact the supplier regarding the demand. In December 1984 Carl Hostert, GmbH filed an answer to Photolab's complaint. The answer, prepared by an American attorney, stated that Carl Hostert, GmbH was a corporation organized under the laws of the Federal Republic of Germany and was a manufacturer of film processors and related equipment. The answer also alleged that the district court had no jurisdiction over Carl Hostert, GmbH or the subject matter of the lawsuit.

In May 1985 Photolab submitted interrogatories and requests for documents to Carl Hostert, GmbH. Carl Hostert, GmbH did not respond to these discovery requests.

On July 26, 1985, Carl Hostert, GmbH's American attorney, filed a motion to dismiss for lack of jurisdiction and failure of service. The attorney asserted that the service of process was improper because (1) neither Carl Hostert nor an agent of Carl Hostert, GmbH had been personally served and (2) the service was not addressed and dispatched by the clerk of the court as required by Fed.R.Civ.P. 4(i). The attorney also filed a motion for leave to withdraw the answer because it contained inaccurate information or a continuance. The attorney further stated that he had been retained at the last minute and had to hastily file the answer in order to avoid a default judgment. The district court denied the motions.

Neither Carl Hostert nor any witnesses for Carl Hostert, GmbH appeared at the

trial. At the conclusion of the trial, Photolab was permitted to amend the complaint to add as defendants Carl Hostert, KG and Hostert KG. The district court concluded that the Hostert companies received actual notice of the action and were represented at trial. *Photolab Corp. v. Simplex Specialty Co.*, slip op. at 7. The district court further concluded that the Hostert companies' objections to adequacy of process, adequacy of service of process and lack of personal jurisdiction were waived pursuant to Fed.R.Civ.P. 12(h) because the Hostert companies failed to make timely objection. *Id.* at 3–4.

On the merits, the district court found that Simplex was the agent of the Hostert companies and the Hostert companies were estopped from denying responsibility for Simplex's actions. *Id.* at 6. The Hostert companies were held liable for breach of express and implied warranties of merchantability. Damages in the amount of $56,585 were awarded to Photolab against Carl Hostert, GmbH; Carl Hostert, KG; and Hostert KG jointly and severally. *Id.* at 8. This appeal followed.

Hostert KG initially argues that the district court erred in denying the motion to dismiss on the basis of inadequacy of service of process. Hostert KG contends that service on West German corporations is governed by the Convention on the Service Abroad of Judicial Documents, Feb. 10, 1969, 20 U.S.T. 361; T.I.A.S. No. 6633; 658 U.N.T.S. 163, which is commonly called the Hague Convention. This multi-national treaty was entered into by the United States on February 10, 1969, and ratified with reservations by the Federal Republic of Germany. West Germany specifically rejects service of process by direct mail and requires that service be made through the appropriate designated central authorities with all documents translated into German. Thus, Hostert KG argues that the attempted service by international certified mail violated this treaty and was therefore ineffective.

Photolab argues that Hostert KG waived any objection to insufficiency of service of process because Hostert KG failed to object in compliance with Fed.R.Civ.P. 12(h). In particular Photolab argues that (1) Hostert KG's answer did not raise as a defense insufficiency of process or insufficiency of service of process, (2) the motion to dismiss filed on June 26, 1985, for failure of service of process was untimely filed, and (3) Hostert KG did not allege a violation of the Hague Convention before the district court.

▪ Fed.R.Civ.P. 12(g) and (h) provide that objections to insufficiency of process or insufficiency of service of process are waived unless the objections are raised in the answer or by motion before the filing of a responsive pleading. *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1298 (5th Cir.1985). The objection must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized. *Travelers Ins. Co. v. Panama-Williams, Inc.*, 424 F.Supp. 1156, 1158 (N.D.Okla. 1976).

In *Zisman v. Sieger*, 106 F.R.D. 194 (N.D.Ill.1985) (*Zisman*), the district court held that an objection to sufficiency of service of process based on an alleged violation of the Hague Convention had been waived because it was not raised in the first Rule 12(b) motion filed by the defendant. In *Zisman* the defendant, a Japanese corporation, filed an objection to the first attempted service because it did not comply with applicable provisions of Illinois law for service of process on a foreign corporation. After being advised by the court that the defendant corporation had not been properly served, the plaintiff attempted service on the corporation again. The defendant corporation objected to the second attempt of service on the basis that it failed to comply with the terms of the Hague Convention. The defendant had not raised this objection to the first attempted service although the objection was then available. The district court concluded that the failure to object in the first Fed.R.Civ.P. 12(b) motion on the basis of a violation of the Hague Convention constituted a waiver of any objections

to the sufficiency of process on this ground. *Id.* at 197–98.

■ The facts in the present case are almost identical to those in *Zisman* and we reach a similar result. We hold that the district court properly determined that Hostert KG waived any objection to sufficiency of service of process because this issue was not raised either in a pretrial motion or in its answer. The issue of sufficiency of process was not raised until approximately ten months after the filing of the complaint, and then not on the basis of a violation of the Hague Convention.

■ Hostert KG next argues that the district court erred in allowing Photolab to amend its complaint to add Hostert KG and Carl Hostert, KG as additional defendants. It is Hostert KG's position that Carl Hostert, GmbH, although non-existent, appeared in this action and that Hostert KG never received notice of the action, did not appear and therefore did not have an opportunity to present a defense to the complaint. Hostert KG further contends that Photolab failed to show that a community of interest existed between Hostert KG and Carl Hostert, GmbH. Hostert KG also argues that Photolab never intended to sue Hostert KG and that there was no evidence that Hostert KG existed at the time of the sale of the film processors.

Photolab argues that the district court did not abuse its discretion in permitting Photolab to amend its complaint. Photolab contends that it intended to sue the entity responsible for the defective film processors and was prevented from ascertaining the correct identity and name of the entity responsible because the Hostert companies either provided misinformation or refused to provide information. Photolab finally contends that Hostert KG had actual notice of the action because Carl Hostert, the major shareholder in all the Hostert companies, was aware of the action and wrote to Photolab on two occasions concerning the action.

Fed.R.Civ.P. 15(c) permits a plaintiff to amend the original pleading to add additional defendants if (1) the defendant has received notice of the action so that the defendant will not be prejudiced in maintaining a defense on the merits, and (2) the defendant knew or should have known that, but for a mistake concerning the identity of the proper party, the defendant would have been sued. The district court is accorded broad discretion in determining whether to permit amendment under this rule. *Lockett v. General Financial Loan Co.*, 623 F.2d 1128, 1131 (5th Cir.1980).

We conclude that the district court did not abuse its discretion in permitting Photolab to amend its complaint to add Hostert KG as a defendant. We note that any confusion concerning the proper name or identity of the party to be sued was at least in part the result of actions taken by Carl Hostert, the principal shareholder in the Hostert companies. Carl Hostert, acting on behalf of Hostert, KG, caused an answer to be filed in response to Photolab's complaint which affirmatively stated that Carl Hostert, GmbH existed and manufactured photo processing equipment. It was not until June 1985, immediately prior to trial, that Photolab was informed that Carl Hostert, GmbH never existed and that Carl Hostert, KG no longer existed. Carl Hostert also refused to answer interrogatories and requests for documents which would have revealed the mistake concerning the identity of the proper party defendant.

Despite the confusion on the part of Photolab, Hostert KG was aware from the beginning that, but for the mistake, Hostert KG was the entity which would have been sued. Carl Hostert received the summons and the complaint and therefore received actual notice of the action. In addition, Carl Hostert, on behalf of Hostert KG, responded by letter to the complaint and arranged to have counsel defend the named defendant, Carl Hostert, GmbH, in the action.

Hostert KG's final contention is that the district court erred in holding that Hostert KG appeared in the action. Hostert KG argues that only Carl Hostert, GmbH, by attorney, appeared in the action and that

the attorney representing Carl Hostert, GmbH never undertook representation of Carl Hostert, KG or Hostert KG. In light of our decision that the court properly permitted Hostert KG and Carl Hostert, KG to be added as defendants, this argument is meritless.

Accordingly, the judgment of the district court is affirmed.