#23638-aff in pt, rev in pt & rem-SLZ

**2006 SD 55**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

JOLENE GRAJCZYK,                         Plaintiff and Appellant,

    v.

JOHN G. TASCA,                          Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
GRANT COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE RONALD K. ROEHR
Judge

\* \* \* \*

GREGORY P. GRAJCZYK  of
Boos and Grajczyk                    Attorneys for plaintiff
Milbank, South Dakota                and appellant.

CHAD C. NELSON                       Attorney for defendant
Milbank, South Dakota                and appellee.

\* \* \* \*

ARGUED ON MARCH 20, 2006

OPINION FILED **06/21/06**

#23638

ZINTER, Justice

[¶1.]     Jolene Grajczyk filed an action to establish paternity and child support. The circuit court dismissed, reasoning that there was insufficient substitute service of process and a lack of personal jurisdiction (insufficient minimum contacts) to assert jurisdiction over John Tasca, a nonresident putative father. On appeal, Grajczyk contends that these defenses were waived or, in the alternative, that the service of process was sufficient and that there were sufficient minimum contacts to assert personal jurisdiction. We conclude that: (1) the service of process defense was not waived; (2) the substitute service of process was valid; and (3) the personal jurisdiction defense was waived because it was not raised in the first defensive pleading. Because Tasca was properly served and because the personal jurisdiction defense was waived, we hold that the circuit court had jurisdiction to determine paternity and child support.

**Facts and Procedural History**

[¶2.]     Grajczyk and Tasca were both stationed in Mississippi while serving in the United States Air Force. They formed a relationship that resulted in the birth of J.G. on October 14, 1986.[1] At the time of J.G.'s birth, Grajczyk was a resident of Texas, and Tasca was a resident of Florida. After moving numerous times, Grajczyk and J.G. established residency in South Dakota, where they have lived the past eight years. Tasca established residency in Indiana, where he has lived for at least eight years.

---

1.     J.G. was conceived in Mississippi and born in Texas. Grajczyk and Tasca never married.

[¶3.]    In February 1986, soon after Grajczyk discovered she was pregnant, she informed Tasca that he was the father. However, seven months later, she told Tasca that he was not the father. It was not until the fall of 1999, or spring of 2000, that Grajczyk again informed Tasca that he was J.G.'s father.

[¶4.]    After a subsequent paternity test indicated that Tasca was the father, J.G. and Tasca began to form a relationship. They communicated over the telephone at least once a month, and on one occasion, Tasca sent money to South Dakota for J.G. to purchase an airplane ticket to visit him in Indiana. Tasca, however, has never been physically present in or had any other contact with South Dakota.

[¶5.]    While J.G. and Tasca were forming a relationship, Grajczyk and Tasca began informal negotiations regarding past child support. In addition to these negotiations, Grajczyk filed a petition to establish paternity, child custody, and child support on July 15, 2004.[2] Grajczyk provided the summons and complaint to the sheriff of Bartholomew County, Indiana, for service on Tasca. The deputy sheriff that served the summons and complaint indicated on the sheriff's return

---

2.    The relevant statute of limitations for paternity and child support actions requires the commencement of the action before the child's eighteenth birthday.

> Proceedings to establish paternity and enforce the obligation of the father may be brought at any time before the eighteenth birthday of the child.

SDCL 25-8-9.

that the documents were "Left with girlfriend." The complaint was subsequently filed with the Grant County Clerk of Courts.[3]

[¶6.]     Tasca initially retained attorney William Gerdes to defend. Gerdes filed a notice of appearance of counsel on October 21, 2004, and informally requested an extension of time to file an answer. Thereafter, the negotiations for back child support continued. But, on December 1, 2004, Tasca retained new counsel, Chad Nelson. On December 8, Nelson filed Tasca's first defensive pleading: an answer alleging, among other things, the 12(b)(4) defense[4] that the court was "without jurisdiction to hear this matter because there has been no service of summons upon the Defendant." The answer did not raise the 12(b)(2) defense that the court lacked personal jurisdiction over Tasca. However, the next day, December 9, Nelson filed a motion to dismiss. This second defensive pleading generally

---

3.     For reasons not disclosed, the summons was not filed with the complaint. The record reflects that there was a question regarding the initial failure to file the summons. However, on December 9, after a discussion between counsel, Grajczyk located the summons and filed it. Therefore, that initial failure to file the summons is not an issue in this appeal.

4.     SDCL 15-6-12(b) provides, in pertinent part:
       Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

       (1) Lack of jurisdiction over the subject matter;
       (2) Lack of jurisdiction over the person;
       (3) Insufficiency of process;
       (4) Insufficiency of service of process;
       (5) Failure to state a claim upon which relief can be granted;
       (6) Failure to join a party under § 15-6-19.

alleged a "lack of jurisdiction" but did not identify the alleged defect.[5] Following a hearing on the issues raised by both pleadings, Grajczyk requested to provide a more complete sheriff's return. After considering additional evidence concerning substitute service on Tasca, the circuit court dismissed the action. The circuit court concluded that the substitute service of process was invalid and that Tasca had insufficient minimum contacts with this state to assert personal jurisdiction.

[¶7.]       On appeal, Grajczyk raises the following issues:

1) Whether Tasca waived the 12(b)(2) and 12(b)(4) defenses of lack of personal jurisdiction and insufficient substitute service of process:

> a)  Because Tasca's attorney "appeared" in the action by filing a notice of appearance of counsel, informally requesting a continuance, and engaging in preliminary discovery without raising these defenses;
>
> b)  Because Tasca's first defensive pleading was an answer that only raised the failure to serve the summons; and
>
> c)  Because Tasca's second defensive pleading was a motion to dismiss that only alleged a "lack of jurisdiction" without further specification;

2)  If the 12(b) defenses were not waived:

> a)  Whether the substitute service of process was sufficient; and

---

5.     Tasca's motion to dismiss stated, in full:

> COMES NOW the Defendant, who appears specially, and moves the Court to dismiss this matter for lack of jurisdiction.
>
> Dated this 9th day of December, 2004.

b) Whether there were sufficient minimum contacts for the circuit court to assert personal jurisdiction over Tasca.

## Standard of Review

[¶8.]     This appeal raises jurisdictional issues.  We review issues regarding a court's jurisdiction as questions of law under the de novo standard of review.  *State ex rel.* LeCompte v. Keckler, 2001 SD 68, ¶6, 628 NW2d 749, 752 (citations omitted).

## Analysis and Decision

### 1) Waiver of Personal Defenses

[¶9.]     Personal jurisdiction and insufficient service of process are defenses that may be waived.  SDCL 15-6-12(h)(1) provides that the defenses are waived if they are not included in a motion under the circumstances provided in SDCL 15-6-12(g) or in a responsive pleading (in this case, the answer).[6]  If the defenses are raised by motion, SDCL 15-6-12(g) requires that they be consolidated.[7]  The effect of these statutes is that objections to personal jurisdiction and "insufficiency of

---

6.     SDCL 15-6-12(h)(1) provides:
    A defense of lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in § 15-6-12(g), or (B) if it is neither made by motion under § 15-6-12 nor included in a responsive pleading or an amendment thereof permitted by § 15-6-15(a) to be made as a matter of course.

7.     SDCL 15-6-12(g) provides:
    A party who makes a motion under § 15-6-12 may join with it any other motions herein provided for and then available to him. If a party makes a motion under § 15-6-12 but omits therefrom any defense or objection then available to him which § 15-6-12 permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision 15-6-12(h)(2) on any of the grounds there stated.

service of process are waived unless the objections are raised in the answer or by . . . motion before the filing of a responsive pleading." Photolab Corp. v. Simplex Specialty Co., 806 F2d 807, 810 (8thCir 1986) (citation omitted). Stated in other words, "[i]f [a defendant] wishes to raise any of these defenses, that must be done at the time the first significant defensive move is made—whether it be by way of a Rule 12 motion or a responsive pleading." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* §1391, at 515 (3d ed 2004).

*Waiver by Appearance*

[¶10.] Grajczyk argues that Tasca waived the right to assert either defense because his first attorney filed a notice of appearance of counsel, informally requested an extension of time to answer, and performed some informal discovery without raising the defenses. Grajczyk relies on SDCL 25-9B-201(2), a provision in the Uniform Interstate Family Support Act, which allows this state to assert jurisdiction over a nonresident in child support matters if "[t]he individual submits to the jurisdiction . . . *by entering a general appearance.*" (Emphasis added.) Grajczyk contends that these activities by Tasca's first attorney constituted a general appearance by Tasca. We disagree.

[¶11.] With respect to the notice of appearance of counsel, we preliminarily note that the notice was not a motion or responsive pleading within the meaning of SDCL 15-6-12(h)(1).[8] Therefore, the failure to raise these 12(b) defenses in the

---

8. The notice of appearance of counsel was not a motion because it sought no relief from the court. Furthermore, it was not a responsive pleading. SDCL 15-6-7(a) identifies the pleadings recognized by the Rules of Civil Procedure:

(continued . . .)

attorney's notice of appearance does not subject a party to the peril of a SDCL 15-6-12(g) and SDCL 15-6-12(h)(1) waiver.

[¶12.]     Furthermore, in determining whether an appearance is a general appearance, "the test is the relief asked . . . and . . . the real question is whether there is a submission to the power of the court or an active invocation of its power on nonjurisdictional matters."  Union Bond & Mortgage Co. v. Brown, 64 SD 600, 609-10, 269 NW 474, 479 (1936) (quoting Robinson v. Glover, 60 SD 270, 244 NW 322, 323 (1932)).  Here, Gerdes' notice of appearance of counsel did not invoke the court's powers or submit Tasca to the jurisdiction of the court.  It only provided notice that Gerdes was appearing to *represent* Tasca.[9]  As the Florida Supreme Court explained:

> There is no basis in the rules and no reason in policy for a
> determination that the mere filing of an entirely neutral and

---

(. . . continued)

> There shall be a complaint and an answer; a reply to a
> counterclaim denominated as such; an answer to a cross-claim,
> if the answer contains a cross-claim; a third-party complaint, if a
> person who was not an original party is summoned under the
> provisions of § 15-6-14; and a third-party answer, if a third-
> party complaint is served. *No other pleading shall be allowed*,
> except that the court may order a reply to an answer or a third-
> party answer.
>
> (Emphasis added.)

9.     The notice merely provided:

> TO PLAINTIFF JOLENE L. GRAJCZYK AND HER
> ATTORNEY GREGORY P. GRAJCZYK:
>
> Please take notice that William D. Gerdes appears in this
> matter on behalf of Defendant John G. Tasca.
>
> Dated October 20, 2004

> innocuous piece of paper [a notice of appearance of counsel], which indicates no acknowledgment of the court's authority, contains no request for the assistance of its process, and, most important, reflects no submission to its jurisdiction should nevertheless be given just that effect. Such a conclusion represents, we think, no less than the apotheosis of a meaningless technicality. It cannot be accepted in a judicial era which requires that, as far as is consistent with orderly procedure, the rights of parties be decided on the merits of their positions.

Public Gas Co. v. Weatherhead Co., 409 So2d 1026, 1027 (Fla 1982) (citation omitted).   Thus, Gerdes' notice of appearance of counsel was not a general appearance that waived Tasca's 12(b) defenses.

[¶13.]     Similarly, counsel's informal request for an extension of time to answer and the performance of informal discovery reflect no submission to the court's jurisdiction.  On the contrary, it is only through an extension of time to answer and preliminary discovery that counsel can evaluate whether 12(b) defenses are even available.  *Cf.* Crouch v. Friedman, 51 WashApp 731, 735, 754 P2d 1299, 1301 (1988) ("[T]he fact that [defendant] proceeded with discovery does not preclude him from asserting that service of process was insufficient because it is by way of discovery that a party determines whether a particular defense is available.").  We finally note that, like notice of appearance of counsel, these other preliminary activities by counsel cannot constitute a waiver of a party's personal jurisdiction defenses under SDCL 15-6-12(g) and SDCL 15-6-12(h)(1) because they do not involve the filing of a motion or responsive pleading.  *See supra* n8.

[¶14.]     Consequently, we affirm the circuit court's ruling that Tasca did not waive his service of process and personal jurisdiction defenses when he filed a notice

of appearance of counsel, informally requested an extension of time to answer, and engaged in informal discovery.

*Waiver of Defenses Not Raised in the First Defensive Pleading*

[¶15.]    Grajczyk argues that Tasca waived both defenses when he filed his answer. Grajczyk acknowledges Tasca's answer raised the 12(b)(4) defense of insufficient service of the summons,[10] but Grajczyk contends that this objection to "service" of the summons was insufficient because it did not specifically assert that the objection was to the "substitute" service of the summons and complaint on Tasca's girlfriend.

[¶16.]    Grajczyk correctly points out that generally "[t]he objection must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized." *Photolab Corp.,* 806 F2d at 810 (citation omitted). In this case, however, Tasca's answer specifically alleged that the service of process was insufficient because he was not served. Although the

---

10.    The answer provided:

> COMES NOW the Defendant, who appears specially to contest the jurisdiction of this court *as follows*:
> 1. The Court is without jurisdiction to hear this matter *because* there has been no *service* of a summons upon the Defendant.
> 2. Without waiving jurisdiction, Defendant denies the Petition in its entirety.
> 3. Plaintiff's Petition fails to state a cause of action upon which relief can be granted.
>
> WHEREFORE, Defendant prays this Court dismiss this matter due to lack of jurisdiction and that it, alternatively, deny Plaintiff's Petition in its entirety, and for such other and further relief as to the Court may seem just and proper in the premises.

(Emphasis added.)

objection did not specifically use the phrase "substitute service," we believe that Tasca's objection to "no service" was enough to preserve an objection to the sufficiency of the substitute service.

[¶17.] Grajczyk also contends that Tasca's 12(b)(2) personal jurisdiction defense was waived because it was not raised in the answer. Tasca points out that service alone is not all that is necessary to establish jurisdiction over a nonresident. Rather, jurisdiction must, among other things, comply with federal due process requirements; *i.e.*, the defendant must "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *See* Frankenfeld v. Crompton Corp., 2005 SD 55, ¶¶9-10, 697 NW2d 378, 381-82 (citations omitted).

[¶18.] In order to preserve this personal jurisdiction defense, Tasca had to raise it in his first significant defensive move, either by answer or motion. SDCL 15-6-12(g) & (h)(1); 5C Wright & Miller, *Federal Practice and Procedure* §1391. In this case, Tasca's first defensive move was his answer. But, that answer only raised the 12(b)(4) sufficiency of service defense. The answer did not assert the 12(b)(2) defense of lack of personal jurisdiction due to Tasca's insufficient minimum contacts with this state.

[¶19.] In an analogous Eighth Circuit case, a defendant's first significant defensive move was an answer that alleged a lack of personal jurisdiction. *Photolab Corp.,* 806 F2d at 809. The second defensive move was a motion to dismiss, which for the first time alleged insufficient service of process. *Id.* The court was required to determine whether the defendant's failure to raise both defenses in the first

defensive move (the answer) precluded him from raising the omitted defense in the subsequent motion to dismiss. The court noted that Rules "12(g) and (h) provide that objections to insufficiency of process or insufficiency of service of process are waived unless the objections are raised in the answer or by motion before the filing of a responsive pleading." *Id.* at 810 (citing Giannakos v. M/V Bravo Trader, 762 F2d 1295, 1298 (5thCir 1985)). The court concluded that the defendant waived the omitted defense by not raising it in the answer, the defendant's first defensive pleading. *Id.* at 811.

[¶20.] Although the included and omitted defenses are reversed in this case, the Eighth Circuit's holding is applicable to Tasca's failure to raise the personal jurisdiction defense in his answer. Because Tasca failed to raise this defense involving minimum contacts in that pleading, he waived his personal jurisdiction defense under Rules 12(g) and (h). Thus, we reverse the circuit court on this issue.

*2) Sufficiency of Service of Process*

[¶21.] Having failed to preserve his objection to personal jurisdiction, but having preserved his objection to the sufficiency of service of process, we now consider whether the circuit court erred in concluding that the substitute service was insufficient. On this issue, it is significant that the circuit court did not affirmatively find that substitute service was invalid. Rather, the court indicated that there was not enough evidence to determine whether the service of process complied with the statutory requirements. This requires us to initially determine which party bore the burden of proof on this issue.

[¶22.] "The great weight of the case law is to the effect that the party on whose behalf service has been made has the burden of establishing its validity." 5B Wright & Miller, *Federal Practice and Procedure* § 1353, at 342. However, this initial burden only requires that the party establish a prima facie case: when a defendant moves to dismiss for insufficient service of process, the burden is on the plaintiff to establish a prima facie case that the service was proper. Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F3d 1383, 1387 (8thCir 1995) (citing Dakota Indus. v. Dakota Sportswear, 946 F2d 1384, 1387 (8thCir 1991); FDIC v. Oaklawn Apartments, 959 F2d 170, 174 (10thCir 1992)). The circuit court's determination that plaintiff failed to present a prima facie case of sufficient service is reviewed de novo. *Id.* (citing Gould v. P.T. Krakatau Steel, 957 F2d 573, 575 (8thCir 1992), *cert. denied*, 506 US 908, 113 SCt 304, 121 LEd2d 227 (1992)).

[¶23.] The statute governing the requirements for substitute service upon a member of a family with whom the defendant resides states, in pertinent part:

> If the defendant cannot be found conveniently, service may be made by leaving a copy at his dwelling house in the presence of a member of his family over the age of fourteen years or *if the defendant resides in the family of another, with a member of such age of the family with which he resides.*

SDCL 15-6-4(e) (emphasis added).[11] If such service is performed by a sheriff, the time, place, and manner must be shown in the sheriff's return. SDCL 15-6-4(g).

---

11. SDCL 15-6-4(f) provides:
    > Whenever a statute of this state provides for the service of a
    > legal process upon a party not a resident of or found within the

(continued . . .)

[¶24.]     In this case, the sheriff's return indicates that the summons and complaint were served at 8:19 a.m. on September 17, 2004. The return further indicates that the service was made at the "Res."[12] Finally, the return indicates that substitute service was made in the following manner: it was "Left with girlfriend," and the person served was the "Girlfriend of Tasca."

[¶25.]     Tasca argues that this return of service did not establish sufficient substitute service. The circuit court agreed, stating:

> There is not enough evidence for the Court to determine who the Sheriff served – there was no name, description, or age of the individual served nor even that the individual lived at the residence where the alleged service took place. The Court cannot conclude from the evidence before it that substitut[e] service was made as required by statute.

The circuit court also noted that the deputy sheriff did not know who he served.

[¶26.]     However, as previously noted, Grajczyk was only required to make an initial showing of a prima facie case of proper service. In establishing that prima facie case, the sheriff's return did contain bare-bones evidence of the time, place, and manner of service. Furthermore, Grajczyk not only relied upon the sheriff's return but also upon sworn testimony that supplied significant, additional details. For example, Grajczyk identified the family, including the "girlfriend." Grajczyk testified that Tasca resided with his girlfriend (Stephanie Burch) and her two

_____

(. . . continued)
        state, service shall be made under the circumstances and in the
        manner prescribed by the statute.

12.     The attorney's transmittal letter to the Bartholomew County Police
        Department indicated that Tasca's residence was 3222 Rolling Knoll Ln,
        Columbus, IN 47201.

children. Grajczyk further testified that Tasca had lived there for approximately seven years. J.G. corroborated Grajczyk's testimony. J.G. testified that he had visited Tasca four times in Indiana, the last two times being the summer of 2004 and December 2004, both before and after service. He indicated that on both occasions his father was living with Stephanie Burch and her two children. J.G. finally corroborated that Burch was Tasca's girlfriend.

[¶27.]    Therefore, even if the sheriff's return alone may have been insufficient, it should have been considered together with the testimony of Grajczyk and J.G. Considering all the evidence, Grajczyk established a prima facie case that substitute service was made on Tasca by leaving a copy of the summons and complaint with his girlfriend: an adult member of the family with whom Tasca was residing. Moreover, Tasca presented no evidence rebutting any aspect of Grajczyk's prima facie case. Therefore, Grajczyk's prima facie showing stood unrefuted and, thus, was sufficient to establish valid substitute service.

[¶28.]    In summary, Tasca waived his personal jurisdiction defense by failing to raise it in his first significant defensive pleading. Although Tasca did preserve his insufficient service of process defense by raising it in his answer, the substitute service was valid. For these reasons, we need not address issues (1)(c) and (2)(b).

[¶29.]    Affirmed in part, reversed in part and remanded for trial.

[¶30.]    GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and MEIERHENRY, Justices, concur.