#23917-a-ECKRICH, Circuit Judge
**2007 SD 6**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

BENJAMIN ELLIOTT,                    Petitioner and Appellant,

    v.

BOARD OF COUNTY COMMISSIONERS
OF LAKE COUNTY, SOUTH DAKOTA,        Respondent and Appellee,

    and

LAKE MADISON DEVELOPMENT
ASSOCIATION, and LARRY and
JUDY LUND, et al., LAKE COUNTY
RESIDENTS and PROPERTY OWNERS,       Intervenors.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE THIRD JUDICIAL CIRCUIT
LAKE COUNTY, SOUTH DAKOTA

* * * *

HONORABLE TIM D. TUCKER
Judge

* * * *

BRIAN DONAHOE of
Cutler & Donahoe                     Attorneys for petitioner and
Sioux Falls, South Dakota            appellant Benjamin Elliott.

JAMES A. BILLION                     Attorney for respondent and
Lake County States Attorney          appellee Lake County Board of
Madison, South Dakota                County Commissioners.

* * * *

ARGUED
May 24, 2006

OPINION FILED 1/10/07

#23917

ECKRICH, Circuit Judge

[¶1.]	In this appeal Benjamin Elliott contends that his original circuit court pleading was either a petition for a writ of mandamus or a petition for a writ of certiorari.  In either case Elliott argues the circuit court had subject matter jurisdiction because the original pleadings were proper both in form and substance. The circuit court found Elliott's pleading was defective and dismissed his case for lack of jurisdiction.  Elliott appeals.

FACTS AND PROCEDURAL HISTORY

[¶2.]	This is the second appeal involving the parties.  The first appeal, Elliott v. Board of County Com'rs, 2005 SD 92, 703 NW2d 361 (*Elliott I*)[1], includes a complete rendition of the facts.

[¶3.]	Elliott wanted to build and operate a hog farrowing facility.  To do so he needed a building permit.  He applied for a building permit on August 31, 2001. The Lake County Zoning Officer neither approved nor denied his application.  The County Commissioners tabled Elliott's application for a year.  On September 3, 2002, the Commissioners denied the application.

[¶4.]	Elliott commenced a lawsuit against the Commissioners, filing a pleading he denominated "Petition Contesting Denial of Building Permit and Notice of Appeal."  Elliott's petition was not verified.

[¶5.]	The circuit court deemed Elliott's lawsuit to be a direct appeal from a decision of the Board of County Commissioners and proceeded to consider the case under SDCL 7-8-27 and 7-8-30.  After a de novo trial, the circuit court affirmed the Commissioners' decision.

---

1.	Intervenors are not parties to the present appeal.

[¶6.]     Elliott appealed. In the first appeal, this Court raised the jurisdictional issue sua sponte and, upon remand directed the circuit court to "first determine whether it has jurisdiction." *Elliott I*, 2005 SD 92 at ¶ 18, 703 NW2d at 369.

[¶7.]     This Court raised three jurisdictional questions in *Elliott I*:

> Whether the trial court had authority and jurisdiction under SDCL 7-8-27 and 7-8-30.
>
> By what authority did the Commissioners deny Elliott's building permit application – as zoning officer, as a board of adjustment, or as a board of county commissioners?
>
> Whether Elliott's pleadings and actions sufficiently preserved his right to appeal or were sufficiently drafted to establish jurisdiction in circuit court.

*Elliott I*, 2005 SD 92 at ¶ 16, 703 NW2d at 368.

[¶8.]     The circuit court answered question three without deciding questions one and two.

## STANDARD OF REVIEW

[¶9.]     This appeal raises jurisdictional issues. We review issues regarding a Court's jurisdiction as questions of law under the de novo standard of review. *Grajcyk v. Tasca*, 2006 SD 55, ¶ 8, 717 NW2d 624, 627.

## ANALYSIS AND DECISION

[¶10.]     Elliott's petition was signed by his attorney. The petition is neither verified nor accompanied by an affidavit. Elliott asserts that his pleading can be construed either as a writ of certiorari or a writ of mandamus.

[¶11.]     SDCL 11-2-61 provides:

> Any person or persons, jointly or severally, aggrieved by any decisions of the board of adjustment, or any taxpayer, or any officer, department, board, or bureau of the county, may present to a court of record a petition *duly verified*, setting forth that the decision is illegal, in whole or in part, specifying the grounds for the illegality. The petition shall be presented to the court within thirty days after the filing of the decision in the office of the board of adjustment. (emphasis added).

SDCL 11-2-62 provides in pertinent part: "Upon the presentation of the petition, the court may allow a *writ of certiorari* directed to the board of adjustment to review the decision of the board of adjustment." (emphasis added).

[¶12.] The term duly verified is not defined within either of these statutes; however, SDCL 21-31-2 requires that: "The application for a writ of certiorari *must be made on affidavit* by the party beneficially interested." (emphasis added).

[¶13.] An application for a writ of mandamus includes a similar mandatory predicate: "The writ of mandamus must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law. *It must be issued upon affidavit*, upon the application of the party beneficially interested." SDCL 21-29-2. (emphasis added).

[¶14.] Elliott argues that he has substantially complied with the law despite the absence of verification or affidavit.

[¶15.] A cardinal rule of statutory construction provides a presumption that the legislature does not intend to insert surplusage in its enactments. US West Communications, Inc. v. PUC, 505 NW2d 115, 123 (SD 1993). The legislature *requires* due verification or an affidavit. SDCL 11-2-61, SDCL 21-31-2, SDCL 21-29-2.

[¶16.]     We have previously had occasion to consider a due verification requirement in an election contest context. In the case of In re Election Contest, 2000 SD 43, ¶ 7, 607 NW2d 920, 922-923[2] we reversed a circuit court order dismissing a complaint for failure to file a duly verified complaint. We held that a statute requiring that the complaint commencing an election contest be duly verified does not require written verification and is satisfied by an oral verification *contemporaneous with the signing* of the pleading. In Elliott's case there is no evidence that his petition was accompanied by such a contemporaneous oral verification.

[¶17.]     The legislature prescribes the procedure for reviewing the actions of the county. Review may be had only by complying with the conditions the legislature imposes. *Appeal of Heeren Trucking Co.,* 75 SD 329, 64 NW2d 292, 293 (1954). Elliott did not comply with the mandatory statutory predicates.

[¶18.]     In summary it does not matter whether Elliott's petition seeks certiorari or mandamus. In either case Elliott's pleading is fatally flawed. The order of the circuit court is affirmed.

[¶19.]     GILBERTSON, Chief Justice, and KONENKAMP and MEIERHENRY, Justices, concur.

[¶20.]     ZINTER, Justice, concurs with writing.

[¶21.]     ECKRICH, Circuit Judge, for SABERS, Justice, disqualified.

---

2.    It is worth noting that the majority opinion in this decision suggested "Perhaps if counsel had attempted to retrofit the complaints with later verifications we might be compelled to rule otherwise." *In re Election Contest,* 2000 SD 43 at ¶ 9, 607 NW2d at 923.

#23917

ZINTER, Justice (concurring).

[¶22.] I concur that the lack of verification or affidavit procedurally defaulted Elliott whether he sought certiorari or mandamus.[3] I would add that to the extent Elliott alternatively contended that this was an appeal from a "county commission decision" to the circuit court under SDCL 7-8-28, that appeal was not authorized. In re Yankton County Com'n, 2003 SD 109, ¶21, 670 NW2d 34, 41.

[¶23.] Ultimately, the Lake County zoning official was the only entity authorized to act on the request for the building permit. Because that official failed to act, Elliott's remedy at the time was to appeal to the Board of Adjustment under SDCL 11-2-55, and if not satisfied, to seek certiorari before the circuit court under SDCL 11-2-61 and 11-2-62. Elliott could also have sought mandamus under SDCL 11-2-35 to force the zoning official to act. However, Elliott did not *complete* any of these avenues of review in a timely manner.

[¶24.] Instead, Elliott commenced this case by an unverified October 2002 Petition, claiming that on August 24, 2001, he had filed an appeal to the Board of Adjustment (the county commission acting as the board of adjustment) and a petition for mandamus. However, the 2001 appeal and the petition for mandamus were part of a separate suit that appears to have been abandoned, and therefore, those requests for review are not before us.

[¶25.] Consequently, Elliott seeks to resurrect the 2001 appeal to the Board of Adjustment and the petition for mandamus by *referencing* them in this current

---

3. In the hearing before the circuit court, the Board contended that the form and content of Elliott's October 10, 2002 Petition was insufficient for certiorari or mandamus relief. Therefore, this issue has been preserved for appellate review.

-5-

action. Elliott also argues that he should have been entitled to amend his 2002 pleadings to incorporate the 2001 action or to consolidate it with the current action. These requests were denied by the circuit court, and Elliott has not appealed that decision. Therefore, the 2001 appeal and petition are not reviewable by this Court as a part of the 2002 action.

[¶26.]     Ultimately, even if the 2001 pleadings were incorporated into the 2002 action, as the Court explains, the circuit court properly declined to exercise jurisdiction because Elliott's 2002 petition was not verified or accompanied by affidavit. Therefore, the circuit court correctly ruled that it could not entertain the current action.