#27598-r-LSW

**2016 S.D. 48**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

| | |
|---|---|
| LAKE HENDRICKS IMPROVEMENT ASSOCIATION; CITY OF HENDRICKS, MINNESOTA; and NORRIS PATRICK, | Petitioners and Appellants, |
| v. | |
| BROOKINGS COUNTY PLANNING AND ZONING COMMISSION; BROOKINGS COUNTY PLANNING AND ZONING COMMISSION SITTING AS THE BROOKINGS COUNTY BOARD OF ADJUSTMENT; MICHAEL CRINION; KILLESKILLEN, LLC; | Respondents and Appellees, |
| and | |
| LC OLSON, LLP, | Respondent. |

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
BROOKINGS COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE VINCENT A. FOLEY
Judge

* * * *

| | |
|---|---|
| MITCHELL A. PETERSON REECE ALMOND of Davenport, Evans, Hurwitz & Smith, LLP Sioux Falls, South Dakota | Attorneys for petitioners and appellants. |

* * * *

ARGUED ON MAY 24, 2016

OPINION FILED **06/28/16**

JACK H. HIEB
ZACHARY W. PETERSON of
Richardson, Wyly, Wise, Sauck & Hieb, LLP
Aberdeen, South Dakota

Attorneys for respondents
and appellees Brookings
County.


BRIAN DONAHOE
Sioux Falls, South Dakota

Attorney for respondents and
appellees Michael Crinion and
Killeskillen, LLC.

#27598

WILBUR, Justice

[¶1.]        Petitioners sought to reverse a county board of adjustment's 2014 decision to grant Developer a conditional use permit for a concentrated animal feeding operation.  Petitioners alleged that the board did not have jurisdiction to grant the permit because the county failed to validly enact an ordinance authorizing the board to issue permits.  The circuit court refused to consider whether the *county* validly enacted the ordinance.  In the court's view, such review would be outside the scope of Petitioners' writ challenging the *board's* decision.  Petitioners further asserted that the board failed to regularly pursue its authority when it granted the permit.  The court upheld the board's decision to grant the permit.  Petitioners now appeal alleging the same.  Developer filed a notice of review, asserting that the circuit court did not have subject matter jurisdiction to consider Petitioners' writ because Petitioners do not have standing under SDCL 11-2-61.  We dismissed Developer's notice of review in *Lake Hendricks Improvement Association v. Brookings County Planning & Zoning Commission* because Developers failed to serve notice on all parties.  2016 S.D. 17, 877 N.W.2d 99.  We reserved ruling on whether Developer may argue its issue as jurisdictional despite the dismissal of its notice of review.  We reverse and remand.

**Background**

[¶2.]        On September 8, 2014, Michael Crinion and his company, Killeskillen, LLC (Killeskillen), submitted an application for a conditional use permit (CUP) to construct a new concentrated animal feeding operation (CAFO) in Brookings County, South Dakota.  The proposed CAFO would be located in the NE 1/4 of

-1-

Section 10-11-48 of Brookings County and house up to 3,999 mature dairy cows. The Brookings County Planning & Zoning Commission, sitting as the Brookings County Board of Adjustment (Board), held a hearing on Killeskillen's application on October 7, 2014. Prior to the hearing, the zoning office had received written materials from the public concerning Killeskillen's proposed CAFO. During the hearing, proponents and opponents offered testimony concerning the CAFO. At the conclusion of the hearing, the Board voted to approve Killeskillen's application with conditions. It entered findings of fact and special conditions.

[¶3.] Lake Hendricks Improvement Association, City of Hendricks, Minnesota, and Norris Patrick (Petitioners) petitioned the circuit court under SDCL 11-2-61 for a writ of certiorari and challenged the Board's decision to grant Killeskillen a CUP. Petitioners asserted that the Board acted without jurisdiction when it granted the CUP because Brookings County failed to validly enact its ordinances in 2007 (Ordinances) governing CUPs. Petitioners alternatively argued that the Board failed to regularly pursue its authority when it granted the CUP. Petitioners asserted that the evidence is undisputed that: (1) the Board's decision violated the Ordinances because the Board allowed the CAFO within 2,640 feet of a private well; (2) the Board failed to require Killeskillen to enter into a road use agreement with Oak Lake Township *before* granting the CUP; and (3) the Board allowed a CAFO in a Zone B aquifer protection site.

[¶4.] In response, Killeskillen moved to dismiss the petition, alleging that Petitioners lacked standing under SDCL 11-2-61 to challenge the Board's decision. Alternatively, Brookings County and Killeskillen asserted that the circuit court

could not review the validity of the ordinances enacted by the County in 2007 because, in their view, such review is beyond the scope of Petitioners' writ. Lastly, the County and Killeskillen argued that the CUP complies with the Ordinances, and, therefore, the Board regularly pursued its authority when it granted Killeskillen a CUP for a CAFO.

[¶5.] The circuit court held a hearing and orally denied Killeskillen's motion to dismiss for lack of subject matter jurisdiction. It also refused to consider the validity of the 2007 Ordinances because it concluded that such review was beyond the scope of Petitioners' writ. The court held that the Board possessed jurisdiction to grant the CUP because, at the time Killeskillen applied for a CUP and during the hearing, the Ordinances were unchallenged. The court said that "[a]ny attack on the Ordinance remains a question to be addressed in another cause of action."

[¶6.] On the merits, the circuit court found that the Board considered whether there were any wells within the setback requirement via a search of the state registry of well heads and from the fact no evidence of the presence of wells was presented at the October 7, 2014 hearing. The court refused to consider Petitioners' evidence of the presence of a well within the setback because that evidence was not before the Board when it decided the issue. The court found that the site description of the CAFO does not include a Zone B aquifer protection area. The court also found the Board determined that appropriate protections were in place for those to be affected by traffic, road use, and other factors. In light of these findings by the Board, the circuit court concluded that the Board followed the Ordinances and the standards set in the Ordinances when it granted Killeskillen a

CUP. The court recognized that, under its review of Petitioners' request for relief under SDCL 11-2-61, the court does not review whether the Board's underlying decision was correct in the absence of proof that the Board acted fraudulently or in arbitrary or willful disregard of undisputed and indisputable proof. The court affirmed the Board's decision to grant Killeskillen a CUP and denied Petitioners' request for relief.

[¶7.]     Petitioners appeal, asserting:

1.     The circuit court erred when it refused to consider the validity of the Ordinances.

2.     The Board exceeded its jurisdiction and failed to regularly pursue its authority when it granted Killeskillen's application for a CUP.

[¶8.]     Killeskillen asserts:

1.     The circuit court had no subject matter jurisdiction under SDCL 11-2-61 to consider Petitioners' writ.

2.     Petitioners lack standing under SDCL 11-2-61 to challenge the Board's decision.

**Analysis**

[¶9.]     We first address Killeskillen's claims. As background, Killeskillen had originally filed a notice of review/cross-appeal to challenge Petitioners' standing under SDCL 11-2-61 and the circuit court's subject matter jurisdiction to consider Petitioners' writ. Petitioners moved this Court to dismiss Killeskillen's notice of review because Killeskillen failed to serve notice of its cross-appeal/notice of review on all parties. Killeskillen did not dispute that it failed to serve notice of its cross-appeal/notice of review on LC Olson, LLP. LC Olson, LLP owns the land Killeskillen intends to purchase in order to construct the CAFO if granted a CUP.

-4-

In response to Petitioners' motion to dismiss, Killeskillen asserted that: (1) LC Olson, LLP is not a party required to be served with notice; (2) SDCL 15-6-5(a) excused service of the notice of review on LC Olson, LLP; (3) Killeskillen's interest aligns with LC Olson, LLP's interest such that it excused service on LC Olson, LLP; and (4) this Court has jurisdiction to consider Killeskillen's issue despite its failure to serve notice on all parties because standing is jurisdictional.

[¶10.] In *Lake Hendricks*, we dismissed Killeskillen's notice of review/cross-appeal for Killeskillen's failure to serve notice on LC Olson, LLP. 2016 S.D. 17, ¶ 11, 877 N.W.2d 99, 104. We, however, reserved "ruling on the issue whether [Killeskillen] may argue standing as a jurisdictional issue regardless of the status of [Killeskillen's] notice of review pending further briefing" in this appeal. *Id.* ¶ 11. We invited the parties who had filed briefs in the current appeal during the pendency of the Court's examination of the motion to dismiss Killeskillen's notice of review to "request permission to file supplemental briefs on this issue . . . if they are deemed necessary." *Id.* ¶ 11 n.9. The parties submitted a joint letter indicating that no party to the appeal would be requesting permission to file supplemental briefing. We now examine whether this Court has jurisdiction to consider Killeskillen's claims despite the dismissal of Killeskillen's notice of review.

### 1. Subject Matter Jurisdiction

[¶11.] According to Killeskillen, the issue of the circuit court's subject matter jurisdiction under SDCL 11-2-61 is jurisdictional—a matter for "determination *sua sponte* by the Court if not raised by the appealing parties." Killeskillen avers that the circuit court is without subject matter jurisdiction to consider the merits of

Petitioners' writ because Petitioners are not persons or entities entitled to appeal under SDCL 11-2-61.

[¶12.]    Though it is well settled that the issue of subject matter jurisdiction may be raised at any time, Killeskillen's issue attacks Petitioners' standing under SDCL 11-2-61, not the circuit court's power to consider petitions for relief under SDCL chapter 11-2. As we recognized in *City of Rapid City v. Estes*, "[i]t is possible for a court to have subject matter jurisdiction" even though a party lacks standing. 2011 S.D. 75, ¶ 9 n.6, 805 N.W.2d 714, 717 n.6. We explained that "[d]etermining lack of standing or lack of subject matter jurisdiction are separate arguments that require separate analyses." *Id.* "Subject matter jurisdiction is the power of a court to act[.]" *Cable v. Union Cty. Bd. of Cty. Commn'rs*, 2009 S.D. 59, ¶ 20, 769 N.W.2d 817, 825 (quoting *City of Sioux Falls v. Mo. Basin Mun. Power Agency*, 2004 S.D. 14, ¶ 10, 675 N.W.2d 739, 742). Standing, on the other hand, is "a party's right to make a legal claim or seek judicial enforcement of a duty or right." *Estes*, 2011 S.D. 75, ¶ 9 n.6, 805 N.W.2d at 717 n.6 (quoting Black's Law Dictionary 1442 (8th ed. 2004)).

[¶13.]    Here, the Legislature specifically gave the circuit court the power to act—subject matter jurisdiction—under SDCL chapter 11-2. SDCL 11-2-62 provides that, "[u]pon the presentation of the petition, the court may allow a writ of certiorari directed to the board of adjustment to review the decision of the board of adjustment[.]" Under SDCL 11-2-65, "[t]he court may reverse or affirm, wholly or partly, or may modify the decision brought up for review." Because Petitioners presented a petition for a writ of certiorari under SDCL 11-2-61 alleging that the

Board's decision to grant Killeskillen a CUP is "illegal, in whole or in part," the circuit court had subject matter jurisdiction.

[¶14.] The question remains, however, whether Killeskillen's claim that Petitioners lack standing under SDCL 11-2-61 to petition the circuit court for a writ is a jurisdictional issue that can be raised at anytime. The language in *Estes* suggests that standing can be waived. 2011 S.D. 75, ¶ 9 n.6, 805 N.W.2d at 717 n.6. There we said that "the issue of standing was not raised below" and cited to a criminal case indicating that issues not raised at the lower level will not ordinarily be addressed on appeal. *Id.* But the cause of action in *Estes* was for an injunction, implicating the circuit court's general jurisdiction. We did not specifically analyze whether standing is jurisdictionally related when the Legislature creates a cause of action and designates the persons or entities entitled to bring that action.[1]

[¶15.] "Subject matter jurisdiction is conferred solely by constitutional or statutory provisions." *Cable*, 2009 S.D. 59, ¶ 20, 769 N.W.2d at 825 (quoting *In re Koch Expl. Co.*, 387 N.W.2d 530, 536 (S.D. 1986)). It "can neither be conferred on a court, nor denied to a court by the acts of the parties or the procedures they employ." *Id.*

[¶16.] When "the right to an appeal is purely statutory . . . no appeal may be taken absent statutory authorization. An attempted appeal from which no appeal lies is a nullity and confers no jurisdiction on the court except to dismiss it." *Elliot*

---

1. This Court has previously declined to consider the issue of standing when a party fails to raise it below and/or does not file a notice of review. *Midwest Motor Exp., Inc. v. Bismark*, 431 N.W.2d 160, 162 (S.D. 1988).

*v. Bd. of Cty. Comm'nrs of Lake Cty.*, 2005 S.D. 92, ¶ 15, 703 N.W.2d 361, 368 (quoting *Appeal of Lawrence Cty.*, 499 N.W.2d 626, 628 (S.D. 1993)). And "when procedure is prescribed by the [L]egislature for reviewing the action of an administrative body, review may be had only on compliance with such proper conditions as the [L]egislature may have imposed." *Id.* (quoting *Appeal of Heeren Trucking, Co.*, 75 S.D. 329, 330-31, 64 N.W.2d 292, 293 (1954)). Here, the Legislature identified certain classes of plaintiffs entitled to bring suit under SDCL chapter 11-2. So, absent being one of the classes of plaintiffs the Legislature authorized to petition the circuit court, "review may not be had" because there is no compliance with the conditions imposed by the Legislature. *See id.*

[¶17.] We concluded the same in *Cable*. *See* 2009 S.D. 59, ¶ 21, 769 N.W.2d at 825. In *Cable*, only a "person aggrieved" under SDCL 7-8-27 may seek review of a county commission's decision. *Id.* The County had argued that the circuit court lacked subject matter jurisdiction because the petitioner lacked standing. *Id.* ¶ 18. We did not specifically examine whether standing is *jurisdictional*, but we held that, in order for the court to have subject matter jurisdiction, the petitioner must have standing. *Id.* ¶ 21 ("A plaintiff must satisfy three elements in order to establish standing as an aggrieved person *such that a court has subject matter jurisdiction*." (Emphasis added.)). This statement from *Cable* is in effect saying that a plaintiff cannot *invoke* the circuit court's subject matter jurisdiction absent standing under the statute identifying the parties entitled to bring suit. This view is consistent with decisions from other courts.

[¶18.]      In *In re Estate of Smallman,* the Tennessee Supreme Court explained that, where a statute creates a cause of action or limits the parties who may bring such an action, "standing is interwoven with that of subject matter jurisdiction and becomes a jurisdictional prerequisite." 398 S.W.3d 134, 148-49 (Tenn. 2013) (quoting *Osborn v. Marr*, 127 S.W.2d 737, 740 (Tenn. 2004)). Similarly, the Nebraska Supreme Court held that "[s]tanding is a jurisdictional component of a party's case, because only a party who has standing may invoke the jurisdiction of a court. . . . The defect of standing is a defect of subject matter jurisdiction." *Reed v. State, Game & Parks Comm'n*, 773 N.W.2d 349, 352 (Neb. 2009). As the Maine Supreme Court recognized, "'jurisdiction' and 'jurisdictional' are understood to have 'many, too many, meanings' and 'courts "have been less meticulous" in using the terms.'" *Homeward Residential, Inc. v. Gregor*, 122 A.3d 947, 953-54 (Me. 2015) (quoting *Landmark Realty v. Leasure*, 853 A.2d 749, 750 (Me. 2004)). Though "standing issues are 'jurisdictional,' . . . that observation is shorthand for the statement that standing affects a party's capacity to invoke a court's jurisdiction." *Id.* (internal citations omitted).

[¶19.]      Based on these cases and our precedent, the circuit court could not have exercised its subject matter jurisdiction unless Petitioners had standing under SDCL chapter 11-2. We, therefore, address whether Petitioners have standing.

### 2. Standing

[¶20.]      Killeskillen claims that no individual petitioner in this case has standing. Under SDCL 11-2-61, "[a]ny person or persons, jointly or severally, aggrieved by any decision of the board of adjustment, or any taxpayer, or any

officer, department, board, or bureau of the county, may present to a court of record a petition duly verified, setting forth that the decision is illegal, in whole or in part, specifying the grounds of the illegality."[2] According to Killeskillen, even though Norris Patrick is a *taxpayer* in Brookings County, he cannot establish the requisite *aggrieved* status. It claims that "[m]erely paying real estate taxes is not enough to confer standing, or any decision by a board of adjustment will be subject to delay and expense of an appeal whenever someone within the county decides to challenge the county's action." Killeskillen also contends that to allow any taxpayer to appeal a zoning board's decision would make "the statute so broad as to render it unworkable." Killeskillen likens SDCL 11-2-61 to this Court's interpretation of standing under SDCL 7-8-27 in *Cable*, 2009 S.D. 59, ¶¶ 18-21, 769 N.W.2d at 824-26. There we said that "[a] plaintiff must satisfy three elements in order to establish standing as an aggrieved person such that a court has subject matter jurisdiction." *Id.* ¶ 21.

[¶21.]     "To determine whether the statutory grant of appellate jurisdiction has been met, the rules of statutory interpretation apply." *Id.* ¶ 19 (quoting *Johnson v. Lebert Constr., Inc.*, 2007 S.D. 74, ¶ 4, 736 N.W.2d 878, 879). "Ultimately, the

---

2.     Effective July 1, 2016, SDCL 11-2-61 is amended to provide as follows:

> Any person or persons, jointly or severally, ~~aggrieved by any decision by the Board of Adjustment,~~ or any taxpayer, or any officer, department, board, or bureau of the county, <u>aggrieved by any decision of the board of adjustment</u> may present to a court of record a petition duly verified, setting forth that the decision is illegal, in whole or in part, specifying the grounds of the illegality. The petition shall be presented to the court within thirty days after the filing of the decision in the office of the board of adjustment.

purpose of statutory interpretation is to fulfill the legislative dictate. Intent is ordinarily ascertained by examining the express language of the statute." *Faircloth v. Raven Indus., Inc.*, 2000 S.D. 158, ¶ 6, 620 N.W.2d 198, 201.

[¶22.] The plain language of SDCL 11-2-61 indicates the Legislature intended to create disjunctive classes of plaintiffs entitled to petition the circuit court. The statute identifies those entitled to appeal as "[a]ny person or persons, jointly or severally, aggrieved by any decision of the board of adjustment, *or* any taxpayer . . . of the county[.]" *Id.* (emphasis added). This description of plaintiffs is unlike those described in SDCL 7-8-27. SDCL 7-8-27 identifies one classification: "any person aggrieved[.]" So, contrary to Killeskillen's claim, the analysis in *Cable* interpreting "any person aggrieved" to require three elements to establish standing is distinguishable. Under the plain language of SDCL 11-2-61, a taxpayer in Brookings County may appeal a board of adjustment's decision. Because Norris Patrick is a taxpayer in Brookings County, he has standing under SDCL 11-2-61. We need not address whether Lake Hendricks Improvement or City of Hendricks, Minnesota has standing because it makes no difference in the resolution of this case. *See Agar Sch. Dist. v. McGee*, 527 N.W.2d 282 (S.D. 1995) (addressing plaintiffs' issue on appeal despite that some parties lacked standing).

### 3. Validity of the Ordinances

[¶23.] Petitioners assert the circuit court erred when it refused to consider the validity of the Ordinances enacted by the Brookings County Commission in 2007. Petitioners claim that the circuit court may, within the scope of the writ under SDCL chapter 11-2, examine whether the County validly enacted the

Ordinances because the Board's power to grant a CUP exists only through the Ordinances. In Petitioners' view, without validly enacted Ordinances, the Board was without jurisdiction to grant Killeskillen a CUP. Petitioners direct this Court to *Tibbs v. Moody County Board of Commissioners*, where we examined the validity of county ordinances in addressing whether the board of adjustment acted within its jurisdiction and authority. 2014 S.D. 44, 851 N.W.2d 208.

[¶24.]     The County and Killeskillen, in response, contend that the scope of a writ for certiorari under SDCL 11-2-61 limits the circuit court to reviewing the *Board's* decision for illegality and not the validity of the actions taken by the *County Commission*. They emphasize that the County Commission "is an entirely separate legal entity from the Board and is not even a party to this case." The County and Killeskillen further assert that the Legislature limited the circuit court's remedial powers in SDCL 11-2-65 to "reverse or affirm, wholly or partly, or [ ] modify the decision brought up for review" and nothing in SDCL chapter 11-2 gives the circuit court authority "to invalidate Ordinances or enter declarations to that effect."

[¶25.]     The County and Killeskillen also distinguish *Tibbs* and other cases where this Court examined whether a county validly enacted its ordinances. They highlight that the parties in *Tibbs* did not assert the issue to be decided in this case—whether the circuit court's scope of review on writ extends to determining whether the County properly enacted its zoning ordinances. *See* 2014 S.D. 44, 851 N.W.2d 208; *see also Save Centennial Valley Ass'n v. Schultz*, 284 N.W.2d 452 (S.D. 1979). The County and Killeskillen distinguish the remaining cases on the fact that those cases did not involve the limited scope of review on writ but instead

implicated the circuit court's general jurisdiction.  *See Pennington Cty. v. Moore*, 525 N.W.2d 257 (S.D. 1994); *Dodds v. Bickle*, 77 S.D. 54, 85 N.W.2d 284 (1957).

[¶26.]        Under SDCL 11-2-61, a petitioner must present a petition to the circuit court "setting forth that the [Board's] decision is illegal, in whole or in part, and specifying the grounds of the illegality."  Our case law indicates that the scope of review of a writ under SDCL chapter 11-2 is "whether the *board of adjustment had jurisdiction over the matter* and whether it pursued in a regular manner the authority conferred upon it."  *Elliot*, 2005 S.D. 92, ¶ 14, 703 N.W.2d at 367 (quoting *Hines v. Bd. of Adjustment of City of Miller*, 2004 S.D. 13, ¶ 10, 675 N.W.2d 231, 234) (emphasis added).  "The test of jurisdiction is whether there was power to enter upon the inquiry[.]" *Becker v. Pfeifer*, 1999 S.D. 17, ¶ 15, 588 N.W.2d 913, 918 (quoting *Janssen v. Tusha*, 68 S.D. 639, 5 N.W.2d 684, 685 (1942)).

[¶27.]        Here, the inquiry and subject matter is the Board's power to grant a CUP for a CAFO.  Prior to 2004, boards of adjustment had jurisdiction to grant certain CUPs via SDCL 11-2-53(3), *repealed by* 2004 Sess. Laws ch. 101, § 6. *Armstrong v. Turner Cty. Bd. of Adjustment*, 2009 S.D. 81, ¶ 10, 772 N.W.2d 643, 647.  In 2004, the Legislature removed that jurisdiction.  "In its place, the [L]egislature passed a new law giving the power to the county to designate the entity responsible for approving conditional use permits."  *Id.* (citing SDCL 11-2-17.3).  That law provides: "A county zoning ordinance adopted pursuant to this chapter that authorizes a conditional use of real property shall specify the approving authority[.]"  SDCL 11-2-17.3.

[¶28.]		In 2007, the Brookings County Commission adopted a zoning ordinance under SDCL chapter 11-2 specifying the Board as the approving authority. But, in this case, Petitioners presented evidence to the circuit court that the Brookings County Commission failed to follow the dictates of chapter 11-2 when it adopted its 2007 Ordinances. If Petitioners are correct, and the County failed to adopt a zoning ordinance pursuant to chapter 11-2, the Board would be without jurisdiction to approve Killeskillen's application for a CUP.[3] This is because the Legislature made clear that the zoning ordinance designating the approving authority must be adopted *pursuant to* chapter 11-2. "Zoning, by its nature, restricts and regulates use of land which would otherwise be lawful and proper." *Schafer v. Deuel Cty. Bd. of Commr's*, 2006 S.D. 106, ¶ 11, 725 N.W.2d 241, 245. But, "the due process requirements (*i.e.* the right to notice and a hearing) granted in SDCL ch. 11-2 serve several important functions including: safeguarding against the arbitrary exercise of power, informing the decision makers, affording the affected landowners with the opportunity to formally voice their concerns and

---

3.		This result is consistent with *Tibbs*. *Tibbs* involved a writ under SDCL chapter 11-2 to review a board of adjustment's decision to grant a CUP. 2014 S.D. 44, ¶ 1, 851 N.W.2d at 210. On appeal, the petitioners asserted "that the statutory scheme applicable to the appeal procedure from a board of adjustment decision is unconstitutional in violation of the Equal Protection Clause[.]" *Id.* ¶ 8. They further claimed that the county failed to comply with chapter 11-2 when it enacted its ordinances, and, therefore, the board did not have authority to grant the CUP. *Id.* ¶¶ 8, 20. Ultimately, this Court examined both the validity of the county's ordinances and the petitioners' claim that the statutes governing zoning appeals violated petitioners' equal protection rights. *Id.* ¶¶ 19, 26. The Court properly addressed the issue because whether the ordinances were valid related directly to the Court's ability to review the *board's* jurisdiction to grant the CUP.

present evidence in opposition to opposed measures, and providing an avenue for expression of public opinion." *Id.* ¶ 13.

[¶29.] Whether the Board had *jurisdiction* to grant Killeskillen a CUP depends on whether the County validly adopted an ordinance *pursuant to chapter 11-2* designating the Board as the approving authority. Therefore, the circuit court erred when held that such review is beyond the scope of a writ under SDCL chapter 11-2. Remand is necessary to examine Petitioners' claim that the Board did not have "jurisdiction over the matter[.]" *See Elliot*, 2005 S.D. 92, ¶ 14, 703 N.W.2d at 367. If the circuit court concludes on remand that the Board did not have jurisdiction, the court would grant Petitioners' request for certiorari relief. The court would not render a judgment declaring the Ordinances void. This is because, under SDCL 11-2-65, "[t]he court may reverse or affirm, wholly or partly, or may modify the decision brought up for review." The decision brought up for review in this case is the Board's decision to grant Killeskillen a CUP.

[¶30.] Because of our holding on this issue, we need not address Petitioners' final issue on review.

[¶31.] Reversed and remanded.

[¶32.] GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and KERN, Justices, concur.