#28710-aff in pt & rev in pt-SRJ
**2019 S.D. 64**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

LOREN E. HUBER and
AMY NOLAN-HUBER,                                    Petitioners and Appellants,

v.

HANSON COUNTY PLANNING
COMMISSION and HANSON COUNTY
BOARD OF ADJUSTMENT and ITS
MEMBERS: MATT BARNARD, EDWARD
ENGELMEYER, JEAN FREEMAN, GARY
SCHOENROCK, SHARON JARDING,
TRISTEN BENDER and DAVID WALDNER
IN THEIR OFFICIAL CAPACITIES, and
MARY C. WILCOX IN HER OFFICIAL
CAPACITY AS HANSON COUNTY ZONING
ADMINISTRATOR,                                     Respondents and Appellees,

        and

TRIPLE K LAND, LLC,

                                                   Intervenor and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
HANSON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE CHRIS GILES
Judge

* * * *

CONSIDERED ON BRIEFS
SEPTEMBER 30, 2019
OPINION FILED **12/04/19**

R. SHAWN TORNOW
Sioux Falls, South Dakota

Attorney for petitioners and appellants.

JAMES R. DAVIES
Hanson County State's Attorney
Alexandria, South Dakota

and

WILLIAM C. GARRY
MELISSA R. JELEN
Cadwell, Sanford, Deibert & Garry LLP
Sioux Falls, South Dakota

Attorneys for respondent and appellees.

BRIAN J. DONAHOE of
Donahoe Law Firm
Sioux Falls, South Dakota

Attorneys for intervenor and appellee.

#28710

JENSEN, Justice

[¶1.] Triple K Land, LLC (Triple K) applied to the Hanson County Board of Adjustment (the Board) for a conditional use permit (CUP) to construct a 2,400-pig nursery facility. Adjacent property owners Loren Huber and Amy Nolan-Huber (Hubers) objected. After the Board granted the CUP, Hubers applied for a writ of prohibition and alternatively designated the application as a verified petition setting forth the illegality of the Board's decision (Application). The Application named the Hanson County Planning Commission (Planning Commission), Board, and individual Board members as Respondents (collectively the County). At a hearing, the circuit court granted Triple K's oral motion to intervene. The court then dismissed the Application, *sua sponte*, for lack of subject matter jurisdiction. Hubers appeal. We affirm in part, reverse in part, and remand.

## Background

[¶2.] Triple K owns real property in rural Hanson County, which is zoned for agricultural use. Hubers own property adjacent to Triple K's property. Hubers' property is not their primary residence, but includes a farmhouse they use on weekends, holidays, and during hunting season.

[¶3.] Triple K requested a CUP, pursuant to the Hanson County Zoning Ordinances, to construct and operate a swine nursery and feeding facility with the capacity to house 2,400 young pigs. Hubers were concerned with the proposed facility next to their property and planned to object to the CUP. Triple K's request for a CUP proceeded to hearing before the Board on February 20, 2018, prior to the

-1-

scheduled time. Hubers were not present for the hearing. The Board granted the CUP to Triple K by unanimous vote.

[¶4.] Following the Board's initial decision, counsel for Hubers raised issues concerning the adequacy of the notice of the hearing, including inaccuracies in the legal description and the listed owners of the property. In response, the Board vacated the CUP, provided new notice, and scheduled a new hearing on Triple K's CUP request. At a hearing on April 18, 2018, Triple K and Hubers were given an opportunity to be heard. The Board asked questions of both Triple K and Hubers regarding the nursery facility and concerns with its operation. The Board delayed a decision on the CUP at the April hearing.

[¶5.] On May 16, 2018, the Board held another hearing regarding Triple K's request for a CUP. Following the discussion, a motion was made to adopt a resolution approving the CUP. The Board unanimously approved the CUP by resolution entered on June 5, 2018.

[¶6.] Hubers filed their Application with the circuit court on June 28, 2018. The circuit court contacted the parties to schedule a hearing on the Application, expressing concern that it lacked subject matter jurisdiction. Six days prior to the hearing, Triple K served a motion to intervene and a motion to dismiss the Application for lack of jurisdiction. Triple K's motion to dismiss asserted that the Application was an improper writ of prohibition, that service of process was inadequate, and that Hubers lacked standing to challenge the CUP. Triple K also moved for an expedited hearing on the motions. The same day, the County also served a motion to dismiss arguing essentially the same grounds for dismissal as

Triple K asserted. Hubers filed a motion to strike Triple K's motion to intervene and both motions to dismiss.

[¶7.]		At the hearing, the circuit court first addressed the motion to intervene. Triple K conceded that the written motion to intervene was served less than ten days prior to the hearing. Triple K then orally moved to intervene. The court granted Triple K's oral motion to intervene, determining Triple K was entitled to intervene as a matter of right under SDCL 15-6-24(a)(2).

[¶8.]		The circuit court then dismissed the Application, on its own motion, concluding it lacked subject matter jurisdiction because the Application sought a writ of prohibition that did not afford a basis for judicial review of the Board's CUP decision. The court further concluded that the references to SDCL 11-2-61 and the alleged illegality of the Board's decision were inadequate to consider the Application to be a petition for writ of certiorari. The court specifically declined to grant the motions to dismiss filed by the County and Triple K.[1]

[¶9.]		Hubers appeal and raise two issues, restated as follows:

1.	Whether the circuit court erred when it dismissed the Application for lack of subject matter jurisdiction.

2.	Whether the circuit court abused its discretion by granting Triple K's motion to intervene.

### Analysis and Decision

*1.	Whether the circuit court erred when it dismissed the Application for lack of subject matter jurisdiction.*

---

1.	The motions to dismiss filed by the County and Triple K argued the same jurisdictional basis for dismissal, along with other grounds for dismissal.

[¶10.] Issues of jurisdiction are questions of law, and we review a dismissal for lack of jurisdiction de novo. *Upell v. Dewey Cty. Comm'n*, 2016 S.D. 42, ¶ 9, 880 N.W.2d 69, 72. Questions of statutory interpretation are also reviewed de novo. *Id.*

[¶11.] "The court's authority to act in a particular class of cases 'is conferred solely by constitutional or statutory provisions[,]' and it cannot be 'conferred on a court [or] denied to a court by the acts of the parties or the procedures they employ.'" *Bingham Farms Tr. v. City of Belle Fourche*, 2019 S.D. 50, ¶ 12, 932 N.W.2d 916, 919 (quoting *Cable v. Union Cty. Bd. of Cty. Comm'rs*, 2009 S.D. 59, ¶ 20, 769 N.W.2d 817, 825). Judicial review of decisions by boards and commissions is statutory and established by the Legislature. *Appeal of Lawrence Cty.*, 499 N.W.2d 626, 628 (S.D. 1993). When a request for judicial review or appeal of such decisions is not authorized by statute, the court lacks subject matter jurisdiction and must dismiss the action. *Id.* Judicial review "may be had only on compliance with such proper conditions as the legislature may have imposed." *Elliott v. Bd. of Cty. Comm'rs of Lake Cty. (Elliott I)*, 2005 S.D. 92, ¶ 15, 703 N.W.2d 361, 368 (quoting *Appeal of Heeren Trucking Co.*, 75 S.D. 329, 330-31, 64 N.W.2d 292, 293 (1954)). *See also Elliott v. Bd. of Cty. Comm'rs of Lake Cty. (Elliott II)*, 2007 S.D. 6, 727 N.W.2d 288 (dismissing an appeal from a decision of a county board of adjustment for lack of subject matter jurisdiction where the petition was not verified or accompanied by an affidavit, as required by SDCL 11-2-61).

[¶12.] In the circuit court, Hubers challenged the Board's decision to grant Triple K's CUP and titled their pleading an "Affidavit and Application for Alternative Writ of Prohibition or, in the alternative, Applicant's Verified Petition

-4-

Setting forth the Illegality of the Board of Adjustment's May Meeting Conditional Use Permit." The Application recited that it was filed as a request for writ of prohibition under SDCL 21-30-3 and SDCL 21-30-4, or alternatively as a verified petition under SDCL 11-2-61.

[¶13.]     A writ of prohibition is a preventive remedy used to "'arrest' or halt the proceedings of any tribunal or lower court under appropriate circumstances." *Gray v. Gienapp*, 2007 S.D. 12, ¶ 18, 727 N.W.2d 808, 812 (quoting SDCL 21-30-1). It "is an extraordinary remedy" and will only be issued when an applicant "has no plain, speedy, and adequate remedy in the ordinary course of law." *High Plains Res., LLC v. Fall River Cty. Bd. of Comm'rs*, 2015 S.D. 94, ¶ 9, 873 N.W.2d 51, 55 (quoting *Apa v. Butler*, 2001 S.D. 147, ¶ 6, 638 N.W.2d 57, 60). In *Elliott I*, we held that appeals from a board of adjustment must be by writ of certiorari under SDCL 11-2-61.[2] 2005 S.D. 92, ¶ 15, 703 N.W.2d at 368. Because the Legislature has provided a remedy in the form of a writ of certiorari to review county zoning decisions, a writ of prohibition may not be used for judicial review of county zoning decisions. Insofar as the circuit court dismissed the claim for writ of prohibition, it did not err.

---

2.     SDCL 11-2-61 provides, "Any person or persons, jointly or severally, or any taxpayer, or any officer, department, board, or bureau of the county, aggrieved by any decision of the board of adjustment may present to a court of record a petition duly verified, setting forth that the decision is illegal, in whole or in part, specifying the grounds of the illegality. The petition shall be presented to the court within thirty days after the filing of the decision in the office of the board of adjustment." SDCL 11-2-61.1 became effective shortly after Hubers filed their Application in this case. SDCL 11-2-61.1 also reflects a legislative intention that an "appeal of a decision relating to the grant or denial of a conditional use permit shall be brought under a petition, duly verified, for writ of certiorari[.]"

[¶14.]    However, the Application alternatively sought judicial review through a verified petition alleging the illegality of the Board's decision. The Application, while not using the term "writ of certiorari", requested a writ and cited SDCL 11-2-61, which sets forth the procedure for filing a writ of certiorari to challenge county zoning decisions.[3]

[¶15.]    The Legislature, in SDCL 11-2-61, has expressed four procedural elements for appealing a board of adjustment decision by writ of certiorari. The petition must comply with each of these requirements to confer jurisdiction to the circuit court. *Elliott I*, 2005 S.D. 92, ¶ 16, 703 N.W.2d at 368. These include: (1) the person(s) must have standing;[4] (2) the petition must be duly verified; (3) the petition must set forth the grounds for the alleged illegality; and (4) the petition must be presented to the court within 30 days after the board of adjustment's decision. SDCL 11-2-61. Hubers' Application for an alternative writ under SDCL 11-2-61 satisfied each requirement.

---

3.    In relevant part, the Application states:
       [Hubers] pursuant to the provisions of SDCL § 21-30-3 and § 21-30-4, hereby makes this Affidavit and Application for a Writ of Prohibition to be immediately issued upon the above-named Respondents, **or, in the alternative, Applicant submits the following as his verified Petition, pursuant to the provisions of SDCL §11-2-61**[.]

      (Emphasis added.)

4.    In *Lake Hendricks Improvement Ass'n v. Brookings Cty. Planning & Zoning Comm'n*, we noted a distinction between standing and subject matter jurisdiction, but concluded that "the circuit court could not have exercised its subject matter jurisdiction unless Petitioners had standing under SDCL chapter 11-2." 2016 S.D. 48, ¶ 19, 882 N.W.2d 307, 313.

[¶16.]     It is undisputed that the Application was verified and presented to the circuit court within 30 days of the Board's decision.[5]  The Application also alleged two illegalities in the Board's decision.  First, Hubers claimed the Board was biased and predisposed in making its decision.[6]  Second, Hubers alleged that the decision granting the CUP was illegal because the Board failed to make a required finding that the "granting of the conditional use will not adversely affect the public interest."

[¶17.]     The final requirement under SDCL 11-2-61 is that Hubers must have standing.  In *Lake Hendricks,* this Court determined that the petitioners had standing as county taxpayers to challenge a CUP under the language of SDCL 11-2-61.  2016 S.D. 48, ¶ 19, 882 N.W.2d at 313.  The legislature amended the statute on July 1, 2016, after *Lake Hendricks* was decided.  The current version of SDCL 11-2-61 limits standing to any person, taxpayer, or entity challenging a zoning decision who is "aggrieved by any decision of the board of adjustment[.]"  To be aggrieved by the Board's decision, Hubers must plead and prove a unique and personal injury not suffered by taxpayers in general.  *Cable*, 2009 S.D. 59, ¶ 26, 769 N.W.2d at 827.

[¶18.]     The Application alleged that Hubers are taxpayers and own property adjacent to the property where Triple K sought approval of the CUP to construct

---

5.     Triple K argues that the Application was only verified by Loren Huber, and not by Amy Nolan-Huber.  However, neither SDCL 11-2-61 nor SDCL 21-31-2 suggest that this deprives the circuit court of subject matter jurisdiction.

6.     Hubers' Application cited *Armstrong v. Turner Cty. Bd. of Adjustment*, which involved a petition for writ of certiorari challenging the legality of a county board of adjustment's approval of a CUP, alleging a member of the board was biased.  2009 S.D. 81, ¶ 28, 772 N.W.2d 643, 653.

and operate a 2,400-pig nursery operation. The Application also alleged that the construction of the nursery facility will result in unmanageable manure and odor control on Hubers' adjacent property. These allegations are sufficient to plead an injury unique to the Hubers. "'General allegations' suffice at the pleading stage because it is 'presume[d] that general allegations embrace those specific facts that are necessary to support the claim.'" *Id.* ¶ 23, 769 N.W.2d at 826 (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889, 110 S. Ct. 3177, 3189, 111 L. Ed. 2d 695 (1990)).

[¶19.] Triple K argues that "no facts can establish Hubers' status as 'persons aggrieved' by the decision of the Board." However, this question is not properly before the Court because the circuit court dismissed the Application solely on the basis that the Application did not seek a writ of certiorari. Therefore, we decline to consider the merits of Triple K's factual claims relating to Hubers' standing. If the issue is presented on remand, the circuit court can develop a factual record and determine the standing issue in the first instance. We simply hold that the Application alleged the Hubers' aggrieved status sufficiently to comply with the provisions of SDCL 11-2-61 and vest the circuit court with jurisdiction.

[¶20.] The County and Triple K argue that even if the Application was adequate to serve as a petition for writ of certiorari, the circuit court did not have jurisdiction to consider a writ of certiorari as an alternative form of relief to the writ of prohibition filed by Hubers. However, they fail to cite any authority to support their position. To the contrary, the practice seems consistent with general rules permitting alternative pleading in civil cases.

[¶21.] The Rules of Civil Procedure are applied to the Application to the extent they are not inconsistent with the procedural requirements for writs of prohibition and certiorari.[7] SDCL 15-6-8(e)(2) provides that "[a] party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses." Further, an alternative claim in "the pleading is not made insufficient by the insufficiency of one or more of the alternative statements." *Id.* A party may assert "as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both." *Id. See also United States v. State*, 1999 S.D. 94, ¶ 11, 598 N.W.2d 208, 212 (a party is allowed "to maintain inconsistent claims and defenses and have them submitted to a jury."). Therefore, Hubers could plead in the alternative, and the inapplicability of the writ of prohibition does not preclude the alternative request for writ of certiorari.

[¶22.] Although the better practice would have been to identify the request as one seeking a writ of certiorari, the failure to do so did not deprive the circuit court of subject matter jurisdiction under SDCL 11-2-61. Hubers complied with the requirements of SDCL 11-2-61, and the circuit court had subject matter jurisdiction to hear the matter by writ of certiorari.

---

7. Appendix A to the Rules of Civil Procedure provides that writs of prohibition under SDCL chapter 21-30, and writs of certiorari under SDCL chapter 21-31 are special proceedings excepted from the Rules "insofar as they are inconsistent or in conflict with the procedure and practice provided by these Rules." SDCL chapter 15-6 app. A. Neither SDCL chapter 21-30 (writ of prohibition) nor SDCL chapter 21-31 (writ of certiorari) contain language suggesting that alternative requests for relief cannot be brought within the applications filed under either chapter. Therefore, SDCL 15-6-8(e) is applicable.

> 2. *Whether the circuit court abused its discretion by granting Triple K's motion to intervene.*

[¶23.] A decision to grant a motion to intervene as a matter of right is reviewed for abuse of discretion. *Burlington N. R.R. Co. v. Green*, 2001 S.D. 48, ¶ 6, 624 N.W.2d 826, 829. Hubers' sole argument is that the circuit court abused its discretion by granting Triple K's motion to intervene under SDCL 15-6-24(a)(2) because the written motion to intervene was served less than ten days before the hearing. SDCL 15-6-6(d). However, they fail to identify any error or prejudice in the circuit court's decision to grant the oral motion to intervene made at the hearing. *See* SDCL 15-6-7(b).

[¶24.] Hubers do not claim they were surprised or unable to adequately respond to the oral motion to intervene. Moreover, they make no claim that Triple K was not entitled to intervene as a matter of right. Therefore, the circuit court did not abuse its discretion in granting Triple K's oral motion to intervene before considering the question of subject matter jurisdiction.

[¶25.] We affirm the circuit court's order to intervene and the dismissal of the application for writ of prohibition. We reverse the circuit court's dismissal of the alternative application for writ of certiorari, and remand to the circuit court.

[¶26.] GILBERTSON, Chief Justice, and KERN, SALTER, and DEVANEY, Justices, concur.