#29404-vacate-JMK
**2022 S.D. 24**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

KENNETH HOSTLER,                                    Plaintiff and Appellee,

    v.

DAVISON COUNTY DRAINAGE
COMMISSION,                                         Defendant,

    and

JOHN MILLAN,                                        Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
DAVISON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE PATRICK T. SMITH
Judge

* * * *

DAVID L. GANJE
Sun City, Arizona                                   Attorney for plaintiff
                                     and appellee.


GARY R. LEISTICO
JAYNE E. ESCH of
Rinke Noonan, LTD
St. Cloud, Minnesota                                Attorneys for defendant
                                     and appellant.

* * * *

CONSIDERED ON BRIEFS
APRIL 26, 2021
OPINION FILED **05/04/22**

#29404

KERN, Justice

[¶1.]　　　　John Millan applied for permits from the Davison County Drainage Commission (drainage commission) to install drain tile on his farmland in Davison County.  The drainage commission held a public hearing on Millan's applications, at which Kenneth Hostler, Millan's downstream neighbor, appeared and objected to the permits.  The drainage commission approved the permits, and Hostler appealed to the circuit court.  The circuit court reversed, holding that the drainage commission abused its discretion in granting the permits because Millan failed to produce evidence before the drainage commission of compliance with the County drainage ordinances.  Millan appeals.  Because the circuit court lacked jurisdiction to hear Hostler's challenge to the drainage commission's permitting decision, we vacate the circuit court's findings of fact, conclusions of law, and order.

**Factual and Procedural Background**

[¶2.]　　　　Davison County has adopted ordinances governing drainage projects on agricultural land.  Per the ordinances, landowners must seek and receive approval in the form of a permit from the drainage commission before installing drain tile.  The drainage commission is authorized by SDCL 46A-10A-30 to promulgate ordinances governing drainage permits in rural areas, but must do so consistent with the principles and factors set forth in SDCL 46A-10A-20.

[¶3.]　　　　Millan owns farmland in Davison County, and in an effort to increase crop yields on his farmland, he applied for multiple drainage permits with the

drainage commission on February 27, 2020.[1] Only four of Millan's applications are relevant to this appeal, and those applications outlined a planned network of 300,000 feet of perforated drain tile and 15,000 feet of solid drain tile, both of which would help remove excess surface water from 350 acres.

[¶4.] After Millan submitted his applications, his neighbors were notified of a hearing on the matter that was set for March 17, 2020. After the drainage commission approved a first set of applications at this hearing, Millan presented the second group of applications, which was composed of the four applications at issue here. These applications proposed to drain water into an outlet at the edge of Millan's land, and Hostler (Millan's first downstream neighbor) owned farmland just beyond this outlet. After presentation of this group of applications, Hostler voiced concern. However, at the conclusion of the hearing, the drainage commission voted 5-2 to approve the four permit applications at issue.

[¶5.] Shortly thereafter, Hostler filed a two-count complaint with the circuit court against Millan and the drainage commission, asserting the circuit court had jurisdiction to hear his challenge under SDCL 46A-10A-35 and County ordinance § 5:05.[2] Hostler asked the circuit court to declare the permits void and to issue a permanent injunction halting the project. Hostler claimed the drainage commission

1. Millan farms the land and applied for the permits through Millan Acres, John Millan Revocable Trust, and Millan Family Farms Partnership.

2. Hostler initially cited to County ordinance § 5:01 as a jurisdictional basis in his complaint, but he later cited to § 5:05 in other filings. Davison County Drainage Ordinance § 5:05 provides, "Any affected party may appeal the Drainage Commission's decision on *a drainage dispute* to circuit court." (Emphasis added.) (Latest revisions to the ordinances were effective September 24, 2013.)

abused its discretion by failing to consider certain factors set forth in the relevant ordinances and State statutes. Fifteen days later, on April 18, Hostler moved for partial summary judgment.

[¶6.]　　On June 16, the circuit court heard oral argument on Hostler's motion. Hostler asserted that Millan's applications and the record before the drainage commission contained insufficient evidence to support issuance of the permits. The court permitted the parties to submit supplemental arguments in writing following the hearing. In his supplemental brief, Hostler argued that the drainage commission's "decision fails to state [the drainage commission's] reasons for the way it decided under the ordinance and statute. If certain facts found or factors under the ordinance and state law were relied on by the Commission in making its decision, it was required to say so . . . ." In response, Millan argued that his applications and presentation at the hearing before the drainage commission were sufficient to apprise the drainage commission of the merits of his drainage plan.

[¶7.]　　On July 28, 2020, the circuit court issued a memorandum opinion and, on August 7, 2020, issued an order and findings of fact and conclusions of law, incorporating the memorandum opinion. The court granted Hostler's motion for partial summary judgment and voided the four permits, holding that the drainage commission abused its discretion by issuing the permits because Millan failed to provide sufficient evidence to the drainage commission of his compliance with the provisions of the drainage ordinances.

[¶8.]　　Millan appealed, raising multiple issues. However, we identified an issue with the jurisdiction of the circuit court to hear Hostler's challenge to the

drainage commission's permitting decision and, on October 1, 2021, ordered supplemental briefing from the parties. Having considered the briefs submitted, we address the dispositive issues set forth below regarding the circuit court's jurisdiction.

1. Whether the circuit court had jurisdiction under SDCL 46A-10A-35 or any other authority to hear an appeal directly from the drainage commission's decision.

2. Whether a person objecting to a drainage permit application may bring a declaratory action directly to the circuit court challenging the drainage commission's decision to grant the permit.

**Analysis and Decision**

[¶9.] Both Hostler and Millan presented arguments regarding the circuit court's jurisdiction over Hostler's challenge to the drainage commission's decision. Hostler, the party who appealed the drainage permitting decision directly to the circuit court, acknowledges that "[n]either the appellate statute concerning county commissioners [SDCL 7-8-27] . . . nor the Davison County Ordinance provide a procedure for appealing a Davison County Drainage Commission decision to the circuit court." However, Hostler contends that "[t]he relief sought in the case at bar was properly sought under . . . SDCL § 46A-10A-35 and the South Dakota Declaratory Judgment Act." Hostler argues that "[d]eclaratory relief is the correct procedure [for] challenging an invasion of property rights." (citing *Benson v. State*, 2006 S.D. 8, ¶ 16, 710 N.W.2d 131, 142). Hostler contends that "[g]enerally, one is not required to exhaust administrative remedies if 'a party is not mandated or required to proceed administratively and a separate avenue of judicial review is

available.'" (quoting *Jansen v. Lemmon Fed. Credit Union*, 1997 S.D. 44, ¶ 10, 562 N.W.2d 122, 124 (citation omitted)).

[¶10.]     Conversely, Millan argues that the circuit court did not have jurisdiction under SDCL 46A-10A-35 because that statute pertains to drainage conflicts, not permitting decisions. Rather, in Millan's view, SDCL 7-8-27 through -32 gives circuit courts authority "to hear appeals by anyone aggrieved by a drainage permitting decision[.]" However, Millan contends that "because Hostler has not shown that he is aggrieved by the Commission's decision to grant Millan's permit application[,]" the circuit court did not have authority to hear Hostler's challenge. Millan then undertakes a standing analysis to show why Hostler has failed to satisfy the requirements to establish that he is an aggrieved party by proving that he was injured by the tiling project.

[¶11.]     As a preliminary matter, we note that questions involving an asserted "lack of standing or lack of subject matter jurisdiction are separate arguments that require separate analyses." *Lake Hendricks Imp. Ass'n v. Brookings Cnty. Planning and Zoning Comm'n*, 2016 S.D. 48, ¶ 12, 882 N.W.2d 307, 311 (citation omitted). Specifically, "[s]ubject matter jurisdiction is the power of a court to act[,]" while standing is "a party's right to make a legal claim or seek judicial enforcement of a duty or right." *Id.* ¶ 12, 882 N.W.2d at 311–12 (citations omitted). In our order for supplemental briefing, we directed the parties to analyze whether the circuit court had authority to act (jurisdiction), not whether the parties had a right to bring the action in court (standing). We acknowledge that the concepts are closely related especially "[w]hen the right to an appeal is purely statutory" as is the case here; in

such cases a party "cannot *invoke* the circuit court's subject matter jurisdiction absent standing under the statute identifying the parties entitled to bring suit." *Id.* ¶¶ 16–17, 882 N.W.2d at 312–13 (cleaned up). However, because we conclude the circuit court lacked jurisdiction to hear Hostler's appeal even if Hostler has standing, we decline to address the standing arguments raised by the parties.

## *Circuit Court's Appellate Jurisdiction*

[¶12.] In considering whether the circuit court had appellate jurisdiction to consider Hostler's challenge to the drainage permitting decision, we first analyze whether SDCL 46A-10A-35 provides jurisdiction for a circuit court to hear an appeal directly from a drainage commission's decision. SDCL 46A-10A-35 provides:

> Any decision reached by a commission in order to settle a *conflict* involving drainage between landowners may be appealed to the board. Any board decision may be appealed or further appealed to the circuit court of the county wherein the conflict arose. An appeal under this section shall be commenced within twenty days of the decision being appealed. *The provisions of this section notwithstanding, landowners may take a drainage* conflict *directly to the circuit court of the county wherein the conflict exists.*

(Emphasis added.) We are unable to find, and Hostler has not identified, an instance in which this statute has been used to appeal the *permitting* decision of a drainage commission directly to a circuit court.[3] Importantly, the first two

---

3.   SDCL 46A-10A-35 has only been cited once by this Court in passing. *See Carmody v. Lake Cnty. Bd. of Comm'rs*, 2020 S.D. 3, ¶ 24, 938 N.W.2d 433, 440 (appeal of a permitting decision from a board of county commissioners to the circuit court in which the circuit court had jurisdiction to hear the appeal under SDCL 7-8-27). *Carmody* discusses *In re Drainage Permit 11-81*, 2019 S.D. 3, 922 N.W.2d 263, in a similar context, but in *Drainage Permit 11-81*, at issue was an appeal of a decision by a board of county commissioners to the circuit court, and the underlying board determination included both a

(continued . . .)

sentences of this statute allow a landowner to appeal a drainage commission decision arising from a drainage *conflict* to either the board and then to the circuit court or to the circuit court directly. But the statute does not authorize a direct appeal to the circuit court from a drainage commission decision to grant or deny a drainage *permit* application.

[¶13.] Moreover, Hostler's contention that the Davison County ordinances provide a route of appeal to the circuit court fails at the outset. Even if construed as Hostler suggests, the County's ordinances cannot confer jurisdiction on a circuit court to hear an appeal from a decision of an administrative body.[4] As this Court has previously noted, "[n]o right to appeal an administrative decision to circuit court exists unless the South Dakota Legislature enacts a statute creating that right." *See Daily v. City of Sioux Falls*, 2011 S.D. 48, ¶ 24, 802 N.W.2d 905, 915.

[¶14.] Millan's argument that the circuit court would have authority to consider Hostler's appeal under SDCL chapter 7-28 similarly fails at the outset. Chapter 7-28 only permits appeals from a board of county commissioners to the circuit court, not from a decision of a drainage commission to which the board has

_____

(. . . continued)

permitting decision and a drainage dispute. *Carmody*, 2020 S.D. 3, ¶ 26, 938 N.W.2d at 441. Neither case provides authority for an appeal of a permitting decision by a drainage commission directly to the circuit court.

4. Although the County could, by ordinance, afford a right of appeal from the drainage commission to the board of county commissioners, and thereby afford an avenue to appeal a subsequent board decision to the circuit court via SDCL 7-8-27, no such route of appeal exists in Davison County's ordinances. Davison County Drainage Ordinance § 5:05 simply mirrors what the Legislature authorized in SDCL 46A-10A-35—the ability to bring a drainage *dispute* directly to the circuit court.

delegated a limited subset of its power. In particular, SDCL 7-8-27 provides that "[f]rom all decisions of the *board of county commissioners* upon matters properly before it, there may be an appeal to the circuit court by any person aggrieved . . . ." (Emphasis added.) We recognize that the parties in *Carmody v. Lake County Board of Commissioners* relied on this statute in the appeal of the approval of a drainage permit granted by a drainage board. *See* 2020 S.D. 3, ¶¶ 1, 19, 938 N.W.2d 433, 435, 439. However, in *Carmody*, the members of the drainage board were also the members of the board of county commissioners. Here, in contrast, the drainage commission (two county commissioners and five individuals with special knowledge about drainage issues sit on the Davison County drainage commission) is not also the entire board of county commissioners. Also, it does not appear from the record that the board of county commissioners would have been authorized to sit as the drainage commission. Thus, the circuit court did not have jurisdiction in the way that such jurisdiction existed in *Carmody* under SDCL 7-8-28 to hear Hostler's appeal from the drainage commission's decision granting the permits.

***Declaratory Judgment Action***

[¶15.]     Hostler contends that the circuit court had authority to consider his complaint requesting a declaratory judgment and other relief because he was aggrieved by the drainage commission's decision granting Millan's permits.[5] In

---

5.     In response, Millan argues that Hostler lacks standing to appeal because he has not shown an actual or threatened injury. *See Abata v. Pennington Cnty. Bd. of Comm'nrs*, 2019 S.D. 39, ¶ 12, 931 N.W.2d 714, 719 (providing that "to establish standing in a declaratory judgment action the plaintiff must have 'personally . . . suffered some actual or threatened injury as the result of the putatively illegal conduct of the defendant.'" (citations omitted)). However,

(continued . . .)

particular, he contends that the drainage commission did not consider his property rights as required by the County ordinances and thus "[d]eclaratory relief is the correct procedure [for] challenging an invasion of property rights."

[¶16.]     Declaratory relief is governed by SDCL chapter 21-24. SDCL 21-24-1 provides courts with the "power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." SDCL 21-24-3 through -5 enumerates specific instances in which declaratory relief may be sought. For example, SDCL 21-24-3 provides:

> Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

However, "[t]he enumeration in §§ 21-24-3 to 21-24-5, inclusive, does not limit or restrict the exercise of the general powers conferred in § 21-24-1, in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty." SDCL 21-24-6. It is well settled that:

> The Declaratory Judgment Act [SDCL chapter 21-24] is remedial in nature and should be construed liberally, "particularly . . . when the construction of statutes dealing with zoning, taxation, voting or family relations presents matters involving the public interest in which timely relief is desirable." The philosophy behind declaratory judgment is to "enable

---

(. . . continued)

whether Hostler has standing need not be decided because of our conclusion that the circuit court lacked authority to grant Hostler the declaratory relief he requested.

> parties to authoritatively settle their rights in advance of any invasion thereof."

*Abata v. Pennington Cnty. Bd. of Comm'rs*, 2019 S.D. 39, ¶ 11, 931 N.W.2d 714, 719 (quoting *Kneip v. Herseth*, 87 S.D. 642, 648, 214 N.W.2d 93, 96–97 (1974); *Benson*, 2006 S.D. 8, ¶ 21, 710 N.W.2d at 141).

[¶17.]        Here, Hostler is not challenging the validity of any ordinance, and he is not seeking a declaration of his rights, status, or other legal relations under such ordinances.  Moreover, while he is arguably affected by the drainage commission's decision, he is not seeking to have determined "any question of construction or validity arising under" a municipal ordinance to "obtain a declaration of rights, status, or other legal relations thereunder."  *See* SDCL 21-24-3.  Rather, he is requesting that the circuit court void the *administrative decision* of the drainage commission to grant a permit to a third party because, in his view, the drainage commission *abused its discretion* by failing to properly consider matters required to be considered.  Because Hostler's request for relief is not of the type that circuit courts have authority to grant via a declaratory judgment action, the circuit court did not have authority under the Declaratory Judgment Act to consider Hostler's complaint challenging the drainage commission's decision to grant Millan's permitting request.

[¶18.]        The circuit court did not have jurisdiction to hear this appeal and did not have authority to grant the declaratory relief sought.  Therefore, we vacate the circuit court's findings of fact, conclusions of law, and order.

[¶19.]        JENSEN, Chief Justice, and SALTER, DEVANEY, and MYREN, Justices, concur.